LYNN V. RIVERA, ESQ.
NEVADA BAR NO. 6797
**BURNHAM BROWN**
A Professional Law Corporation
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
---
Telephone:    (775) 398-3065
Facsimile:     (877) 648-5288
Email:           lrivera@burnhambrown.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM J. PASIECZNIK,<br><br>              Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.; a foreign Corporation authorized to conduct business in Nevada; DOE PROPERTY OWNER; ROE PROPERTY OWNER; DOE PROPERTY MANAGER; ROE PROPERTY MANAGEMENT COMPANY; DOE SECURITY EMPLOYEE; ROE SECURITY COMPANY; DOES I through X; and ROE CORPORATIONS, XI through XX, inclusive, jointly and severally,<br><br>              Defendants. | Case No.<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC. ("Home Depot") by and through its counsel of record, Lynn Rivera, a partner at the law firm of Burnham Brown, PLC, hereby petitions for the removal of the above-captioned action from the Eighth Judicial District Court in Clark County, Nevada to the United States District Court for the District of Nevada, Las Vegas, for the reasons described below:

1.      Home Depot is a defendant in a civil action pending in the Eighth Judicial

District Court of the Clark County, Nevada entitled <u>William J. Pasiecznik v.  Home Depot,</u>

<u>U.S.A, Inc., et al.,</u> Case No. A-20-818573-C.  <u>See</u> Declaration of Lynn Rivera in support of

Home Depot's Petition for Removal. ("Rivera Dec."), ¶¶ 2-3, Exhibit A.

2.      Plaintiff filed a complaint naming Defendant Home Depot on July 24, 2020.  <u>See</u>

Rivera Dec., ¶ 2, Exhibit A.

3.      Home Depot was served with the summons and complaint on August 24, 2020.

<u>See</u> Rivera Dec. ¶ 4.

4.      Home Depot filed a timely Motion to Dismiss the punitive damages on

September 16, 2020.  At a hearing conducted on October 20, 2020, the district court denied the

motion.  <u>See</u> Rivera Dec. ¶ 5.

5.      Thereafter, on October 27, 2020, Home Depot filed a timely answer to the

Plaintiff's complaint in Clark County District Court. <u>See</u> Rivera Dec., ¶ 6, Exhibit B.

6.      Plaintiff alleges in the Complaint that he is a resident of Clark County, Nevada.

<u>See</u> Rivera Dec. ¶ 1, Exhibit A, ¶ 1.

7.      Plaintiff alleges that Defendant Home Depot is authorized to conduct business in

Nevada.  Home Depot is, in fact, a foreign corporation duly licensed to do business in Nevada.

<u>See</u> Rivera Dec. ¶ 8, Exhibit A, ¶ 2.

8.      Plaintiff alleges two cause of action against Defendant Home Depot for

negligence and negligent hiring.  <u>See</u> Rivera Dec., ¶ 10, Exhibit A, ¶ 2.

9.      Plaintiff alleges that on July 25, 2018, while inside the Subject Premises at

the Home Depot store located in Henderson, Nevada, he was allegedly intentionally and

maliciously attacked by a loss prevention associate of the Home Depot, injuring his face,

head, back legs, and knees.  <u>See</u> Rivera Dec. ¶ 9, Exhibit A. ¶ 13-26.

10.      On November 11, 2020, Plaintiff filed Petition for Exemption from

Arbitration alleging $223,787.50 in medical damages.  Prior to the receipt of this Petition,

Home Depot was unable to determine that the amount in controversy in this case exceeded

$75,000. <u>See</u> Rivera Dec. ¶ 13, Exhibit C**.**

11.      The filing of the Petition for Exemption placed Home Depot on notice that

1   Plaintiff allegedly sustained $223,787.50 in medical damages and, therefore the amount in

2   controversy exceeded $75,000.  See Rivera Dec. ¶ ¶ 13-14, Exhibit C.

3                                                    **JURISDICTION**

4           12.     This matter is removable pursuant to 28 U.S.C. Sections 1332 and 1446(b)

5   because the amount in controversy is alleged to exceed $75,000, exclusive of interests and

6   costs.  See Rivera Dec. ¶¶ 13-14.

7           13.     This is a civil action over which this Court has original jurisdiction under 28

8   U.S.C. § 1332.  This case may be removed to this Court by Home Depot pursuant to the

9   provisions of 28 U.S.C. § 1441(b) in that it is a case that could have been commenced in federal

10  court because it is a civil action between citizens of different states, and that the amount in

11  controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff and Defendant

12  Home Depot, are, and have been, citizens of different states at all times, and therefore, complete

13  diversity exists in this action, as stated below:

14          14.     **Plaintiff's Citizenship**:  Plaintiff is a citizen of the State of Nevada because he

15  resides and is domiciled in Clark County, Nevada.  See Rivera Dec. ¶ 7, Exhibit A, ¶ 1.  For

16  purposes of evaluating diversity, a person is a "citizen" of the state in which he is domiciled. See

17  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983); Kantor v. Warner-Lambert

18  Co., 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place he resides with the intent

19  to remain). Accordingly, Plaintiff is a citizen of the State of Nevada.

20          15.     **Defendant's Citizenship**: For purposes of diversity jurisdiction, a corporation

21  "shall be deemed to be a citizen of every State. . .by which it has been incorporated and of the

22  State….where it has its principal place of business."  See 28 U.S.C. § 1332(c)(1).  In accordance

23  with, and pursuant to Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990),

24  if one state does not contain a substantial predominance of corporate operations, courts are to

25  apply the "nerve center" test to determine a corporation's principal place of business. See Tosco

26  Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001). The national

27  corporation's principal place of business is determined by identifying the state "where the

28  majority of the corporation's executives and administrative functions are performed."  Id. This

DEF HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND          Case No.
DEMAND FOR A JURY TRIAL

test is particularly appropriate where a corporation's activities are widespread and its operations are conducted in many states.  Indus. Tectonics, Inc.  v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990). Here, Defendant Home Depot's associates, sales, production activities, income, and purchases are spread across multiple states and no one state substantially predominates.  See Rivera Dec. ¶¶ 11-12.  Home Depot's corporate offices are located in Atlanta, Georgia, and the majority of Home Depot's executives, managerial and administrative functions occur in Atlanta, Georgia. Rivera Dec., ¶¶ 11-12.

16.     Defendant Home Depot is a corporation incorporated under the laws of the Delaware, with its headquarters and its principal place of business in Atlanta, Georgia.  Home Depot's executive officers and senior management were and are located at Home Depot's Headquarters in Atlanta.  At all times material hereto, Home Depot's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, store operations, human resources, and property development were and are performed at and promulgated from Home Depot's Headquarters in  Atlanta, Georgia. See Rivera Dec. ¶¶ 11-12. Accordingly, Home Depot is a citizen of Georgia.  Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."); Breitman v. May Co. Cal., 37 F.3d 562, 564 (9th Cir. 1994) (ruling that corporation was citizen of state in which its corporate headquarters were located and where its executive and administrative functions were performed).

## AMOUNT IN CONTROVERSY

17.     On November 11, 2020, Plaintiff filed a Petition for Exemption from Arbitration alleging his medical damages exceeded $223,787.50.  See Rivera Dec. ¶ 13.  Prior to the receipt of the Petition for Exemption, Home Depot was unable to determine that the amount in controversy in this matter exceeded $75,000. (Rivera. Dec, ¶¶ 13-14).  The filing of the Petition for Exemption from Arbitration placed Home Depot on notice on November 11, 2020, that the amount in controversy in this lawsuit exceeded $75,000.

18.     This Notice of Removal is timely filed under 28 U.S.C. section 1446 (b) (3) in

DEF HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND          Case No.
DEMAND FOR A JURY TRIAL

1   that Home Depot removes this matter, pursuant to FRCP 26, within 30 days of receipt of the

2   Petition for Exemption from Arbitration noticing Home Depot the amount if controversy

3   exceeded $75,000, which was filed on November 11, 2020.  Ballard v. Best Buy Stores, L.P.,

4   2015 U.S. Dist. LEXIS 9878 (D. Nev. Jan. 27, 2015)  (petition for removal was timely because it

5   was served within 30 days of the defendant's petition for exemption noticing Plaintiff's damages

6   exceeded $75,000).  Prior to the filing of the Petition, Home Depot had no actual notice that the

7   amount in controversy exceeded $75,000.  See Rivera Decl. ¶ 14.

8       19.     Therefore, this Petition for Removal is timely filed pursuant to FRCP 26(a)(1)(c)

9   within 30 days of receipt of the filing of Plaintiff's Petition for Exemption dated November 11,

10  2020.

11                    **NOTICE TO ADVERSE PARTIES**

12      20.     Defendant's Notice to Adverse Parties of Notice of Removal is being

13  contemporaneously filed in Case No. A-20-818573-C in the Eighth Judicial District Court, in

14  and for the County of Clark, Nevada.

15      21.     Pursuant to the provisions of U.S.C. section 1446, Defendant attach herewith and

16  incorporate herein by reference, copies of the following documents from the Clark County

17  District Court file and/or documents served by and upon the Defendant in this action:

18      (a)  Plaintiff's Complaint (a true and correct copy of which is attached hereto as

19          Exhibit 1);

20      (b) Home Depot's Answer to Plaintiff's Complaint (a true and correct copy of

21          which is attached hereto as Exhibit 2);

22      (c) Plaintiff's Petition for Exemption from Arbitration; and

23      (d) Declaration of Lynn Rivera (a true and correct copy of which is attached hereto as

24          Exhibit 3).

25              **NOTICE TO PLAINTIFF AND STATE COURT**

26      22.     Immediately following the filing of this notice of removal of action, written

27  notice of this filing will be served on Plaintiff and will be filed with the Clerk of the

28  Eighth Judicial District Court in and for the County of Clark, State of Nevada in

DEF HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND          Case No.
DEMAND FOR A JURY TRIAL

1   accordance with 28 U.S.C. Section 1446(d).

2   ## DEMAND FOR JURY TRIAL

3   23.     Defendant demands a jury trial of twelve jurors pursuant to FRCP 48.

4   ## PRAYER

5   WHEREFORE, Defendant prays that the above-entitled action, currently pending in the

6   Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, be removed

7   to the United States District Court for the District of Nevada, and that this action proceed in this

8   Court as an action properly removed thereto pursuant to 28 U.S.C. section 1441, et seq.

9   DATED: December 3, 2020                    BURNHAM BROWN

11  By  _/s/ Lynn V. Rivera_____
12  LYNN V. RIVERA, ESQ.
    NEVADA BAR NO. 6797
13  200 S. Virginia Street, 8th Floor
    Reno, Nevada 89501
14  Attorneys for Defendant
    HOME DEPOT U.S.A., INC.

16  4810-7189-2690, v. 1

## CERTIFICATE OF SERVICE

*William J. Pasiecznik v. Home Depot U.S.A., Inc., et al.*
United States District Court, Nevada, Case No.

Pursuant to NRCP 5(b), I certify that I am an employee of Burnham Brown, and that on this date, I caused the foregoing:

**DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR JURY TRIAL**

to be served on all parties to this action by:

☒  **BY E-FILING** (USDC, District Court, District of Nevada): I caused such document(s) to be sent electronically to the court; electronic filing constitutes service upon the parties who have consented to electronic service.

| | |
|---|---|
| Siria L. Gutierrez, Esq.<br>BIGHORN LAW<br>2225 E. Flamingo Road<br>Building 2, Suite 300<br>Las Vegas, NV 89119<br>Email:  siria@bighornlaw.com | Attorneys for Plaintiff<br>WILLIAM J. PASIECZNIK |

DATED:  December 4, 2020

*/s/ Peggy Ortega*
An employee of BURNHAM BROWN

4810-7189-2690, v. 1

DEF HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL                Case No.

1 **SUMMONS**
**SIRIA L. GUTIERREZ, ,ESQ.**
2 Nevada Bar No. 11981
**BIGHORN LAW**
3 2225 E. Flamingo Road
Building 2, Suite 300
4 Las Vegas, Nevada 89119
Phone: (702) 333-1111
5 Email: Siria@BighornLaw.com
*Attorneys for Plaintiff*
6

7 **DISTRICT COURT**

8 **CLARK COUNTY, NEVADA**

9 WILLIAM J. PASIECZNIK,

10 Plaintiff,

11 v. CASE NO: A-20-818573-C

12 HOME DEPOT U.S.A., INC. a Foreign DEPT. NO: 22
Corporation authorized to conduct business in
13 Nevada; DOE PROPERTY OWNER; ROE
PROPERTY OWNER; DOE PROPERTY **SUMMONS**
14 MANAGER; ROE PROPERTY
MANAGEMENT COMPANY; DOE
15 SECURITY EMPLOYEE; ROE SECURITY
COMPANY; DOES I through X; and ROE
16 CORPORATIONS, XI through XX, inclusive,
jointly and severally,
17

18 Defendants.

19 **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
WITHOUT YOU BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE**
20 **INFORMATION BELOW.**

21 **TO THE DEFENDANT.** A Civil Complaint has been filed by the plaintiff(s) against you for the relief
22 set forth in the Complaint.

23 **HOME DEPOT U.S.A., INC.**

24
1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you
25 exclusive of the date of service, you must do the following:

26
a. File with the Clerk of this Court, whose address is shown below, a formal
27 written response to the Complaint in accordance with the rules of the Court.

28

     b.     Serve a copy of your response upon the attorney whose name and address is shown below.

2.     Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

**BIGHORN LAW**

By:   _/s/ Siria L. Gutierrez_
    **SIRIA L. GUTIERREZ, ESQ.**
    Nevada Bar No.: 11981
    2225 E. Flamingo Road
    Building 2, Suite 300
    Las Vegas, Nevada 89119
    *Attorneys for Plaintiff*

STEVEN D. GRIERSON
**CLERK OF COURT**

By: _____   8/20/2020
**DEPUTY CLERK** Alisa-Mae Chapman
County Courthouse
200 Lewis Avenue
Las Vegas, Nevada 89101

Electronically Filed
7/24/2020 5:26 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**SIRIA L. GUTIERREZ, ,ESQ.**
Nevada Bar No. 11981
**BIGHORN LAW**
716 S. Jones Blvd.
Las Vegas, Nevada 89107
Phone: (702) 333-1111
Email: Siria@BighornLaw.com
*Attorneys for Plaintiff*

CASE NO: A-20-818573-C
Department 22

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| WILLIAM J. PASIECZNIK,<br><br>                Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. a Foreign Corporation authorized to conduct business in Nevada; DOE PROPERTY OWNER; ROE PROPERTY OWNER; DOE PROPERTY MANAGER; ROE PROPERTY MANAGEMENT COMPANY; DOE SECURITY EMPLOYEE; ROE SECURITY COMPANY; DOES I through X; and ROE CORPORATIONS, XI through XX, inclusive, jointly and severally,<br><br>                Defendants. | CASE NO:<br><br>DEPT. NO: |

**COMPLAINT**

COMES NOW Plaintiff WILLIAM J. PASIECZNIK, by and through his counsel, SIRIA L. GUTIERREZ, ESQ., with the Law Offices of **BIGHORN LAW**, and for his cause of action against the Defendants, and each of them, alleges as follows:

1.      That Plaintiff WILLIAM J. PASIECZNIK (hereinafter referred to as "WILLIAM") was at all times relevant to this action a resident of Clark County, Nevada.

Page **1** of **12**

2.    Upon information and belief, that at all times relevant to this action, the Defendant HOME DEPOT U.S.A., INC., (hereinafter referred to as "DEFENDANT HOME DEPOT") is authorized to conduct business in the State of Nevada.

3.    Upon information and belief, that at all times relevant to this action, the Defendants DOE PROPERTY OWNER, DOE PROPERTY MANAGER, DOE SECURITY EMPLOYEE and DOES I through X were residents of Clark County, Nevada.

4.    Upon information and belief, that at all times relevant to this action, the Defendants ROE PROPERTY OWNER, ROE PROPERTY MANAGEMENT COMPANY, ROE SECURITY COMPANY, and ROE CORPORATIONS XI through XX were companies authorized to conduct business in the State of Nevada.

5.    Upon information and belief, DEFENDANT HOME DEPOT and/or DEFENDANT DOE PROPERTY OWNER and/or DEFENDANT ROE PROPERTY OWNER is the owner of the property known as HOME DEPOT located at 1030 W. Sunset Road, Henderson, Nevada 89014 ("The Premises" and/or "Defendants' Premises").

6.    Upon information and belief, DEFENDANT HOME DEPOT and/or DEFENDANT DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY is the contracted property management company for The Premises.

7.    Upon information and belief DEFENDANT HOME DEPOT  and/or DEFENDANT PHIL and/or DEFENDANT DOE PROPERTY OWNER and/or DEFENDANT ROE PROPERTY OWNER and/or DEFENDANT DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY and or DEFENDANT DOE SECURITY EMPLOYEE and/or ROE SECURITY COMPANY is the appropriate party responsible for the security and

1  maintenance and safe-keeping of the security devises and equipment located at or near, and for

2  the security of The Premises

3  8.  Upon information and belief DEFENDANT HOME DEPOT and/or DEFENDANT PHIL and/or

4  DEFENDANT DOE PROPERTY OWNER and/or DEFENDANT ROE PROPERTY OWNER

5  and/or DEFENDANT DOE PROPERTY MANAGER and/or ROE PROPERTY

6  MANAGEMENT COMPANY and or DEFENDANT DOE SECURITY EMPLOYEE and/or

7  ROE SECURITY COMPANY is the appropriate party responsible for the security and safe-

8  keeping of The Premises

9

10  9.  That the true names and capacities, whether individual, corporate, partnership, associate or

11  otherwise, of Defendants, DEFENDANT DOE PROPERTY OWNER and/or DEFENDANT

12  ROE PROPERTY OWNER and/or DEFENDANT DOE PROPERTY MANAGER and/or ROE

13  PROPERTY MANAGEMENT COMPANY and or DEFENDANT DOE SECURITY

14  EMPLOYEE and/or ROE SECURITY COMPANY and/or DOES I through X and/or ROE

15  COMPANIES IX through XX, are unknown to PLAINTIFF, who therefore sues said

16  Defendants by such fictitious names accordingly.

17

18  10.  PLAINTIFF WILLIAM is informed, and believes, and thereon alleges that each of the

19  Defendants designated herein as DEFENDANT DOE PROPERTY OWNER and/or

20  DEFENDANT ROE PROPERTY OWNER and/or DEFENDANT DOE PROPERTY

21  MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY and/or or DEFENDANT

22  DOE SECURITY EMPLOYEE and/or ROE SECURITY COMPANY and/or DOES I through

23  X and/or ROE COMPANIES IX through XX are responsible in some manner for failing to

24  keep The Premises safe, secure and free of dangers, thereby contributing to the events and

25

26  happenings referred to herein and caused damages proximately to PLAINTIFF WILLIAM as

27

28

herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, when the same have been ascertained, and to join such defendants in this action.

### FIRST CAUSE OF ACTION
#### (Negligence as to All Defendants)

11.   PLAINTIFF WILLIAM incorporates by this reference all of the allegations of paragraphs 1 through 12, hereinabove, as though completely set forth herein.

12.   That upon information and belief, at all times relevant to this action, DEFENDANT HOME DEPOT and/or ROE PROPERTY OWNER and/or DOE PROPERTY OWNER and each of the Defendants, were the owners or lessees and occupied, operated, maintained and controlled The Premises located at 1030 W. Sunset Road, Henderson, Nevada 89014 ("The Premises" and/or "Defendants' Premises").

13.   That on July 25, 2018, at all times relevant to this action, DEFENDANT HOME DEPOT and/or ROE PROPERTY OWNER and/or DOE PROPERTY OWNER and each of the Defendants, maintained and directed their asset protection employees to protect merchandise over customer safety.

14.   That due to DEFENDANT HOME DEPOT's direction and instruction to asset protection, the asset protection associate on duty felt emboldened to attack and physically injure PLAINTIFF WILLIAM causing him severe bodily harm.

15.   That on or about the JULY 25, 2018, and for some time prior thereto, DEFENDANT HOME DEPOT and/or ROE PROPERTY OWNER and/or DOE PROPERTY OWNER, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated,

occupied, secured, and controlled The Premises and did cause and/or allow the premises to be unsafely kept in such a manner to cause harm to Plaintiff.

16.    That on or about the JULY 25, 2018, and for some time prior thereto, DEFENDANT HOME DEPOT and/or ROE PROPERTY OWNER and/or DOE PROPERTY OWNER and/or DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY and/or DOE SECURITY EMPLOYEE and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly maintained, operated, occupied, and controlled The Premises in that they failed to adequately safely and properly secure The Premises and/or properly maintain and utilize the safety devices and measures established on or at The Premises.

17.    That the recklessness, carelessness and/or negligence of DEFENDANT HOME DEPOT and/or DEFENDANT PHIL and/or ROE PROPERTY OWNER and/or DOE PROPERTY OWNER and/or DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY and/or DOE SECURITY EMPLOYEE and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, in breaching a duty owed to PLAINTIFF WILLIAM, which directly and proximately caused the injuries and damages to PLAINTIFF WILLIAM, consisting in and of, but not limited to, the following acts:

(a)  Failure to provide a safe premise for PLAINTIFF WILLIAM;

(b) Failure to warn PLAINTIFF WILLIAM, of the dangerous condition then and there existing in said premise;

 (d)  Failure to enforce security and safety measures designed, implemented, and held out to the employees of Defendants' Premises;

Page 5 of 12

(e)   Failure to timely notify the police department when Defendants knew, or should have known, that PLAINTIFF's safety, security, and well-being were being threatened and when PLAINTIFF was being attacked; and

(f) Defendants, and all of them, had, or should have had, knowledge or notice of the dangerous and threatening situation impacting Plaintiff.

18.   That on or about JULY 25, 2018 and for some time prior thereto, PLAINTIFF WILLIAM while a lawful invitee on Defendants' Premises when Defendant PHIL and/or an employee attacked PLAINTIFF causing him severe bodily injuries.

19.   That, upon information and belief, on or about JULY 25, 2018, Defendants maliciously, recklessly, intentionally, deliberately, willfully and/or with a conscious disregard for the rights and/or safety of PLAINTIFF, and others, disregarded the requests and pleas of PLAINTIFF and allowed an employee to cause severe injuries to Plaintiff.

20.   That, upon information and belief, on or about JULY 25, 2018, the unauthorized, unwanted, and reckless asset protection employee was allowed to access and work on the Premises with DEFENDANT HOME DEPOT ratifying his actions.

21.   That on or about JULY 25, 2018, PLAINTIFF WILLIAM, while lawfully upon The Premises, and as a direct and proximate result of the recklessness, negligence and carelessness of Defendants, and each of them, was caused to suffer the injuries and damages hereinafter set forth when he was viciously attacked by DEFENDANT HOME DEPOT's employee at its directive to protect merchandise over customers.

22.   Customer safety is more important than merchandise.

23.   That Defendants, had a duty to ensure and protect the safety and security of all visitors at the property, and more particularly that of PLAINTIFF.

24.    That, upon information and belief, Defendants intentionally, maliciously, willfully, deliberately, and with a conscious disregard for the rights and/or safety of others, disregarded the safety of others, and more particularly that of PLAINTIFF, in disregarding and failing to address the safety concerns and putting merchandise over the safety of customers, DEFENDANTS breached their duty of care to Plaintiff.

25.    By reason of the premises and as a direct and proximate result of the aforesaid recklessness, negligence and carelessness of Defendants, and each of the Defendants, PLAINTIFF WILLIAM was otherwise injured in and about his face, head, neck, back, legs, knees and caused to suffer great pain of body and mind, all or some of the same of which are chronic conditions, which may result in permanent disability and are disabling, all to which PLAINTIFF WILLIAM is entitled to recover damages in an amount in excess of $15,000.00.

26.    By reason of the premises, and as a direct and proximate result of the aforesaid recklessness, negligence and carelessness of Defendants, and each of the Defendants, PLAINTIFF WILLIAM, has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable.  PLAINTIFF WILLIAM may pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial for this action.

27.    Had Defendants properly secured, monitored, maintained and controlled The Premises, PLAINTIFF would not have been needlessly attacked and caused to suffer the severe and extensive mental and physical injuries he has had to endure.

28.    The conduct of Defendants, and each of the Defendants, as herein alleged, was willful, intentional, oppressive, malicious, and done in a wanton and reckless disregard of

PLAINTIFF's rights and thereby warrant the imposition of punitive damages in excess of $15,000.00.

29. Prior to the injuries complained of herein, PLAINTIFF WILLIAM, was an able bodied individual, capable of engaging in all activities for which he was otherwise suited. By reason of the condition of the premises described herein, and as a direct and proximate result of the negligence of the said Defendants, and each of them, PLAINTIFF WILLIAM was caused to be disabled and was limited and restricted in PLAINTIFF WILLIAM's occupations and activities, which caused PLAINTIFF WILLIAM loss of wages in a presently unascertainable amount, the allegations of which Plaintiff may pray leave of Court to insert herein when the same shall be fully determined.

30. That Defendants' actions are sufficient to warrant the imposition of punitive damages as and against each and every Defendant, to punish them for the actual harm inflicted.

31. PLAINTIFF WILLIAM has been required to retain BIGHORN LAW to prosecute this action, and is entitled to recover a reasonable attorneys' fee, his litigation costs, and prejudgment interest.

## SECOND CAUSE OF ACTION
**(Respondeat Superior, Negligent Hiring, Training, Supervision, and Retention)**

32. PLAINTIFF WILLIAM incorporates by this reference all of the allegations of paragraphs 1 through 30, hereinabove, as though completely set forth herein.

33. DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT COMPANY and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, had

1       a duty to properly hire, train, and supervise all employees to ensure that The Premises was kept,

2       maintained, secured, controlled, and remained in a reasonably safe condition.

3   34.     That at all times pertinent hereto, DEFENDANT HOME DEPOT and/or DEFENDANT DOE

4       OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY

5       MANAGEMENT COMPANY and/or ROE SECURITY COMPANY and/or ROE

6       CORPORATIONS, and each of the Defendants, breached its above-referenced duties by

7       failing to properly hire, train and/or supervise Defendants, DOE PROPERTY MANAGER,

8       DOE SECURITY EMPLOYEE and/or DOES I through X, in each of his/her duties and

9       actions as property managers, maintenance worker, security guard/employee, and/or

10       employees for DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or

11       DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT

12       COMPANY and/or ROE SECURITY COMPANY and/or DOE and/or ROE CORPORATIONS

13       and each of the Defendants.

14

15   35.     In addition, as the employer of Defendants DOE PROPERTY MANAGER, and/or DOES I

16       through X is/are vicariously liable for all damage caused by DOE PROPERTY MANAGER,

17       and/or DOES I through X, as Defendants, DOE PROPERTY MANAGER, and/or DOES I

18       through X was/were acting within the course and scope of each of his/her employment with

19       DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT

20       ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT COMPANY and/or

21       ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, at

22       the time of the events described herein.

23

24   36.     That DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or

25

26       DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT

27

28

COMPANY and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, owes a non-delegable duty to use reasonable care in the proper training, hiring, and supervision and retention of its employees.

37.   That DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT COMPANY and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, knew or should have known of the dangerous and possibly deadly consequences of its employees failing to follow and enforce proper security procedures for the safety and security of The Premises and the residents and guests of the same.

38.   That DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT COMPANY and/or ROE MAINTENANCE COMPANY and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, had the non-delegable duty to properly train, to adequately supervise and to command its employees, to keep the Premises safe and secured and to prevent danger and harm to the residents and guests of The Premises

39.   As a direct and proximate result of the aforesaid recklessness, negligence and carelessness of the above-referenced Defendants, and each of them, PLAINTIFF WILLIAM suffered physical and mental injury and was otherwise caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to his damage in an amount in excess of $15,000.00.

40.   As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of the Defendants, PLAINTIFF WILLIAM has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional

monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court may be requested to include said additional damages when the same have been fully determined.

41.  The conduct of Defendants, and each of the Defendants, as herein alleged, was willful, intentional, oppressive, malicious, and done in a wanton and reckless disregard of PLAINTIFF's rights and thereby warrant the imposition of punitive damages in excess of $15,000.00.

42.  Prior to the injuries complained of herein, PLAINTIFF WILLIAM, was an able bodied individual, capable of engaging in all activities for which she was otherwise suited.  By reason of the condition of the premises described herein, and as a direct and proximate result of the negligence of the said Defendants, and each of them, PLAINTIFF WILLIAM was caused to be disabled and was limited and restricted in PLAINTIFF WILLIAM's occupations and activities, which caused PLAINTIFF WILLIAM loss of wages in a presently unascertainable amount, the allegations of which Plaintiff may pray leave of Court to insert herein when the same shall be fully determined.

43.  PLAINTIFF WILLIAM has been required to retain BIGHORN LAW to prosecute this action, and is entitled to recover a reasonable attorney's fee, his litigation costs, and prejudgment interest.

## **PRAYER FOR RELIEF**:

WHEREFORE, Plaintiff WILLIAM PASIECZNIK prays for judgment against the Defendants, and each of the Defendants, as follows:

1. General and compensatory damages for in an amount in excess of $15,000.00;

2.  Special damages for said Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3.  Special damages for lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of said Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount;

4. For punitive damages in excess of $15,000.00;

5. Costs of this suit;

6. Attorney's fees; and

7.  For such other and further relief as to the Court may seem just and proper in the premises.

**DATED** this 24th  day of July, 2020.

**BIGHORN LAW**


By: /s/ Siria L. Gutierrez
**SIRIA L. GUTIERREZ, ESQ.**
Nevada Bar No.: 1981
716 S. Jones Blvd.
Las Vegas, Nevada 89107
*Attorneys for Plaintiff*

Electronically Filed
7/24/2020 5:26 PM
Steven D. Grierson
CLERK OF THE COURT

1  **IAFD**
   **SIRIA L. GUTIERREZ, ,ESQ.**
2  Nevada Bar No. 11981
   **BIGHORN LAW**
3  2225 E. Flamingo Road
   Building 2, Suite 300
4  Las Vegas, Nevada 89119
   Phone: (702) 333-1111
5  Email: Siria@BighornLaw.com
   *Attorneys for Plaintiff*
6

**CASE NO: A-20-818573-C**
**Department 22**

7                    **DISTRICT COURT**

8               **CLARK COUNTY, NEVADA**

9  WILLIAM J. PASIECZNIK,

10                Plaintiff,

11 v.                                    CASE NO:

12 HOME DEPOT U.S.A., INC. a Foreign      DEPT. NO:
   Corporation authorized to conduct business in
13 Nevada; DOE PROPERTY OWNER; ROE
   PROPERTY OWNER; DOE PROPERTY
14 MANAGER; ROE PROPERTY                  **INITIAL APPEARANCE FEE**
   MANAGEMENT COMPANY; DOE                **DISCLOSURE**
15 SECURITY EMPLOYEE; ROE SECURITY
   COMPANY; DOES I through X; and ROE
16 CORPORATIONS, XI through XX, inclusive,
   jointly and severally,
17

18                Defendants.

19
        Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for
20
   parties appearing in the above-entitled action as indicated below:
21

22 ///

23 ///

24 ///

25 ///

26 ///

27

28

WILLIAM J. PASIECZNIK                                    $270.00

TOTAL REMITTED:                                          $270.00

**DATED** this 24th day of July, 2020.

**BIGHORN LAW**


**By:**    _/s/ Siria L. Gutierrez_
**SIRIA L. GUTIERREZ, ESQ.**
Nevada Bar No. 1981
2225 E. Flamingo Road
Building 2, Suite 300
Las Vegas, Nevada 89119
_Attorneys for Plaintiff_

LYNN V. RIVERA, ESQ.
NEVADA BAR NO. 6797
**BURNHAM BROWN**
A Professional Law Corporation
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
---
Telephone:     (775) 398-3065
Facsimile:     (877) 648-5288
Email:          lrivera@burnhambrown.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM J. PASIECZNIK, | Case No. |
| Plaintiff, | |
| v. | **DECLARATION OF LYNN RIVERA IN SUPPORT OF DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL** |
| HOME DEPOT U.S.A., INC.; a foreign Corporation authorized to conduct business in Nevada; DOE PROPERTY OWNER; ROE PROPERTY OWNER; DOE PROPERTY MANAGER; ROE PROPERTY MANAGEMENT COMPANY; DOE SECURITY EMPLOYEE; ROE SECURITY COMPANY; DOES I through X; and ROE CORPORATIONS, XI through XX, inclusive, jointly and severally, | |
| Defendants. | |

I, Lynn Rivera, declare:

1.      I am an attorney licensed to practice in the State of Nevada and admitted to practice before the United States District Court for the District of Nevada.  I am a Partner at the law firm of Burnham Brown, PLC, counsel for Defendant HOME DEPOT U.S.A., INC., in this action. The following is based on my personal knowledge and, if called as a witness, I would testify competently thereto.

2.      Plaintiff WILLIAM J. PASIECZNIK filed the complaint naming Home

1

Depot as a Defendant on July 24, 2020.

3.      Plaintiff's complaint was filed in the Eighth Judicial District Court in Clark County, Nevada.  A true and correct copy of Plaintiff's complaint is attached hereto as Exhibit A.

4.      Defendant Home Depot was served with Plaintiff's summons and complaint on August 24, 2020.

5.      Home Depot filed a timely Motion to Dismiss the punitive damages claim on September 16, 2020.  After conducting a hearing on October 20, 2020, the district court denied the motion.

6.      Thereafter, on October 27, 2020, Home Depot filed a timely answer to the Plaintiff's complaint in Clark County District Court.  See Exhibit B

7.      Plaintiff alleges in the Complaint that he is a resident of Clark County, Nevada. See Exhibit A, ¶ 1.

8.      In his complaint, Plaintiff alleges two cause of action against Home Depot for negligence and negligent hiring.  See Rivera Dec., ¶ 10, Exhibit A, ¶¶11-32.

9.      Specifically, Plaintiff alleges that on July 25, 2018, while inside the Subject Premises at the Home Depot store located in Henderson, Nevada, Plaintiff was intentionally and maliciously attacked by a loss prevention associate of the Home Depot, injuring his face, head, back legs, and knees.  See Exhibit A, ¶¶13-26.

10.      In the Complaint, Plaintiff alleges that Defendant Home Depot is authorized to conduct business in Nevada.  Home Depot is, in fact, a foreign corporation duly licensed to conduct business in the State of Nevada.  See Exhibit A, ¶ 2.

11.      Defendant Home Depot is a citizen of the state of Georgia. Home Depot's associates, sales, production activities, income, and purchases are spread across multiple states and no one state substantially predominates.  Home Depot is incorporated under the laws of the State of Delaware with its corporate headquarters and principal place of business located in Atlanta, Georgia.  Home Depot's executive officers and senior managers were

DECL. OF LYNN RIVERA IN SUPPORT OF DEFENDANT
HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND
DEMAND FOR A JURY TRIAL

Case No

1    and are located at Home Depot's corporate headquarters in Atlanta, Georgia.

2           12.    At all times material hereto, Home Depot's managerial and policymaking

3    functions, including, but not limited to, finance, marketing, merchandising, legal,

4    technology services, store operations, human resources, and property development, were

5    and are performed at and promulgated from Home Depot's corporate headquarters located

6    in Atlanta, Georgia.

7           13.    On November 11, 2020, Plaintiff filed a Petition for Exemption from

8    Arbitration alleging $223,787.50 in medical damages. Prior to the receipt of this Petition,

9    Home Depot was unable to determine that the amount in controversy in this case exceeded

10   $75,000. See Exhibit C.

11          14.    The filing of the Petition for Exemption from Arbitration placed Home Depot

12   on notice on November 11, 2020, that the amount in controversy in this lawsuit exceeded

13   $75,000.

14          I declare under penalty of perjury under the laws of the State of Nevada and the

15   United States of America that the foregoing is true and correct and that this declaration

16   was executed on December 3, 2020 at Reno, Nevada.

18                        By _/s/ Lynn V. Rivera _____
19                           LYNN V. RIVERA

21   4818-5780-1170, v. 1

DECL. OF LYNN RIVERA IN SUPPORT OF DEFENDANT
HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND
DEMAND FOR A JURY TRIAL                                    Case No

# EXHIBIT A

Electronically Filed
7/24/2020 5:26 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**SIRIA L. GUTIERREZ, ,ESQ.**
Nevada Bar No. 11981
**BIGHORN LAW**
716 S. Jones Blvd.
Las Vegas, Nevada 89107
Phone:  (702) 333-1111
Email: Siria@BighornLaw.com
*Attorneys for Plaintiff*

CASE NO: A-20-818573-C
Department 22

### DISTRICT COURT

### CLARK COUNTY, NEVADA

WILLIAM J. PASIECZNIK,

          Plaintiff,

v.

HOME DEPOT U.S.A., INC. a Foreign
Corporation authorized to conduct business in
Nevada; DOE PROPERTY OWNER; ROE
PROPERTY OWNER; DOE PROPERTY
MANAGER; ROE PROPERTY
MANAGEMENT COMPANY; DOE
SECURITY EMPLOYEE; ROE SECURITY
COMPANY; DOES I through X; and ROE
CORPORATIONS, XI through XX, inclusive,
jointly and severally,

          Defendants.

CASE NO:

DEPT. NO:

### <u>COMPLAINT</u>

COMES NOW Plaintiff WILLIAM J. PASIECZNIK, by and through his counsel, SIRIA L.

GUTIERREZ, ESQ., with the Law Offices of **BIGHORN LAW**, and for his cause of action against

the Defendants, and each of them, alleges as follows:

1.    That Plaintiff WILLIAM J. PASIECZNIK (hereinafter referred to as "WILLIAM") was at all

times relevant to this action a resident of Clark County, Nevada.

2.  Upon information and belief, that at all times relevant to this action, the Defendant HOME DEPOT U.S.A., INC., (hereinafter referred to as "DEFENDANT HOME DEPOT") is authorized to conduct business in the State of Nevada.

3.  Upon information and belief, that at all times relevant to this action, the Defendants DOE PROPERTY OWNER, DOE PROPERTY MANAGER, DOE SECURITY EMPLOYEE and DOES I through X were residents of Clark County, Nevada.

4.  Upon information and belief, that at all times relevant to this action, the Defendants ROE PROPERTY OWNER, ROE PROPERTY MANAGEMENT COMPANY, ROE SECURITY COMPANY, and ROE CORPORATIONS XI through XX were companies authorized to conduct business in the State of Nevada.

5.  Upon information and belief, DEFENDANT HOME DEPOT and/or DEFENDANT DOE PROPERTY OWNER and/or DEFENDANT ROE PROPERTY OWNER is the owner of the property known as HOME DEPOT located at 1030 W. Sunset Road, Henderson, Nevada 89014 ("The Premises" and/or "Defendants' Premises").

6.  Upon information and belief, DEFENDANT HOME DEPOT and/or DEFENDANT DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY is the contracted property management company for The Premises.

7.  Upon information and belief DEFENDANT HOME DEPOT  and/or DEFENDANT PHIL and/or DEFENDANT DOE PROPERTY OWNER and/or DEFENDANT ROE PROPERTY OWNER and/or DEFENDANT DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY and or DEFENDANT DOE SECURITY EMPLOYEE and/or ROE SECURITY COMPANY is the appropriate party responsible for the security and

maintenance and safe-keeping of the security devises and equipment located at or near, and for the security of The Premises

8. Upon information and belief DEFENDANT HOME DEPOT and/or DEFENDANT PHIL and/or DEFENDANT DOE PROPERTY OWNER and/or DEFENDANT ROE PROPERTY OWNER and/or DEFENDANT DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY and or DEFENDANT DOE SECURITY EMPLOYEE and/or ROE SECURITY COMPANY is the appropriate party responsible for the security and safe-keeping of The Premises

9. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, DEFENDANT DOE PROPERTY OWNER and/or DEFENDANT ROE PROPERTY OWNER and/or DEFENDANT DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY and or DEFENDANT DOE SECURITY EMPLOYEE and/or ROE SECURITY COMPANY and/or DOES I through X and/or ROE COMPANIES IX through XX, are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names accordingly.

10. PLAINTIFF WILLIAM is informed, and believes, and thereon alleges that each of the Defendants designated herein as DEFENDANT DOE PROPERTY OWNER and/or DEFENDANT ROE PROPERTY OWNER and/or DEFENDANT DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY and/or or DEFENDANT DOE SECURITY EMPLOYEE and/or ROE SECURITY COMPANY and/or DOES I through X and/or ROE COMPANIES IX through XX are responsible in some manner for failing to keep The Premises safe, secure and free of dangers, thereby contributing to the events and happenings referred to herein and caused damages proximately to PLAINTIFF WILLIAM as

Page 3 of 12

herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, when the same have been ascertained, and to join such defendants in this action.

### FIRST CAUSE OF ACTION
**(Negligence as to All Defendants)**

11.     PLAINTIFF WILLIAM incorporates by this reference all of the allegations of paragraphs 1 through 12, hereinabove, as though completely set forth herein.

12.     That upon information and belief, at all times relevant to this action, DEFENDANT HOME DEPOT and/or ROE PROPERTY OWNER and/or DOE PROPERTY OWNER and each of the Defendants, were the owners or lessees and occupied, operated, maintained and controlled The Premises located at 1030 W. Sunset Road, Henderson, Nevada 89014 ("The Premises" and/or "Defendants' Premises").

13.     That on July 25, 2018, at all times relevant to this action, DEFENDANT HOME DEPOT and/or ROE PROPERTY OWNER and/or DOE PROPERTY OWNER and each of the Defendants, maintained and directed their asset protection employees to protect merchandise over customer safety.

14.     That due to DEFENDANT HOME DEPOT's direction and instruction to asset protection, the asset protection associate on duty felt emboldened to attack and physically injure PLAINTIFF WILLIAM causing him severe bodily harm.

15.     That on or about the JULY 25, 2018, and for some time prior thereto, DEFENDANT HOME DEPOT and/or ROE PROPERTY OWNER and/or DOE PROPERTY OWNER, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated,

occupied, secured, and controlled The Premises and did cause and/or allow the premises to be unsafely kept in such a manner to cause harm to Plaintiff.

16.    That on or about the JULY 25, 2018, and for some time prior thereto, DEFENDANT HOME DEPOT and/or ROE PROPERTY OWNER and/or DOE PROPERTY OWNER and/or DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY and/or DOE SECURITY EMPLOYEE and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly maintained, operated, occupied, and controlled The Premises in that they failed to adequately safely and properly secure The Premises and/or properly maintain and utilize the safety devices and measures established on or at The Premises.

17.    That the recklessness, carelessness and/or negligence of DEFENDANT HOME DEPOT and/or DEFENDANT PHIL and/or ROE PROPERTY OWNER and/or DOE PROPERTY OWNER and/or DOE PROPERTY MANAGER and/or ROE PROPERTY MANAGEMENT COMPANY and/or DOE SECURITY EMPLOYEE and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, in breaching a duty owed to PLAINTIFF WILLIAM, which directly and proximately caused the injuries and damages to PLAINTIFF WILLIAM, consisting in and of, but not limited to, the following acts:

(a)  Failure to provide a safe premise for PLAINTIFF WILLIAM;

(b) Failure to warn PLAINTIFF WILLIAM, of the dangerous condition then and there existing in said premise;

 (d)  Failure to enforce security and safety measures designed, implemented, and held out to the employees of Defendants' Premises;

(e)  Failure to timely notify the police department when Defendants knew, or should have known, that PLAINTIFF's safety, security, and well-being were being threatened and when PLAINTIFF was being attacked; and

(f) Defendants, and all of them, had, or should have had, knowledge or notice of the dangerous and threatening situation impacting Plaintiff.

18.   That on or about JULY 25, 2018 and for some time prior thereto, PLAINTIFF WILLIAM while a lawful invitee on Defendants' Premises when Defendant PHIL and/or an employee attacked PLAINTIFF causing him severe bodily injuries.

19.   That, upon information and belief, on or about JULY 25, 2018, Defendants maliciously, recklessly, intentionally, deliberately, willfully and/or with a conscious disregard for the rights and/or safety of PLAINTIFF, and others, disregarded the requests and pleas of PLAINTIFF and allowed an employee to cause severe injuries to Plaintiff.

20.   That, upon information and belief, on or about JULY 25, 2018, the unauthorized, unwanted, and reckless asset protection employee was allowed to access and work on the Premises with DEFENDANT HOME DEPOT ratifying his actions.

21.   That on or about JULY 25, 2018, PLAINTIFF WILLIAM, while lawfully upon The Premises, and as a direct and proximate result of the recklessness, negligence and carelessness of Defendants, and each of them, was caused to suffer the injuries and damages hereinafter set forth when he was viciously attacked by DEFENDANT HOME DEPOT's employee at its directive to protect merchandise over customers.

22.   Customer safety is more important than merchandise.

23.   That Defendants, had a duty to ensure and protect the safety and security of all visitors at the property, and more particularly that of PLAINTIFF.

24. That, upon information and belief, Defendants intentionally, maliciously, willfully, deliberately, and with a conscious disregard for the rights and/or safety of others, disregarded the safety of others, and more particularly that of PLAINTIFF, in disregarding and failing to address the safety concerns and putting merchandise over the safety of customers, DEFENDANTS breached their duty of care to Plaintiff.

25. By reason of the premises and as a direct and proximate result of the aforesaid recklessness, negligence and carelessness of Defendants, and each of the Defendants, PLAINTIFF WILLIAM was otherwise injured in and about his face, head, neck, back, legs, knees and caused to suffer great pain of body and mind, all or some of the same of which are chronic conditions, which may result in permanent disability and are disabling, all to which PLAINTIFF WILLIAM is entitled to recover damages in an amount in excess of $15,000.00.

26. By reason of the premises, and as a direct and proximate result of the aforesaid recklessness, negligence and carelessness of Defendants, and each of the Defendants, PLAINTIFF WILLIAM, has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable.  PLAINTIFF WILLIAM may pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial for this action.

27. Had Defendants properly secured, monitored, maintained and controlled The Premises, PLAINTIFF would not have been needlessly attacked and caused to suffer the severe and extensive mental and physical injuries he has had to endure.

28. The conduct of Defendants, and each of the Defendants, as herein alleged, was willful, intentional, oppressive, malicious, and done in a wanton and reckless disregard of

PLAINTIFF's rights and thereby warrant the imposition of punitive damages in excess of $15,000.00.

29. Prior to the injuries complained of herein, PLAINTIFF WILLIAM, was an able bodied individual, capable of engaging in all activities for which he was otherwise suited. By reason of the condition of the premises described herein, and as a direct and proximate result of the negligence of the said Defendants, and each of them, PLAINTIFF WILLIAM was caused to be disabled and was limited and restricted in PLAINTIFF WILLIAM's occupations and activities, which caused PLAINTIFF WILLIAM loss of wages in a presently unascertainable amount, the allegations of which Plaintiff may pray leave of Court to insert herein when the same shall be fully determined.

30. That Defendants' actions are sufficient to warrant the imposition of punitive damages as and against each and every Defendant, to punish them for the actual harm inflicted.

31. PLAINTIFF WILLIAM has been required to retain BIGHORN LAW to prosecute this action, and is entitled to recover a reasonable attorneys' fee, his litigation costs, and prejudgment interest.

## SECOND CAUSE OF ACTION
**(Respondeat Superior, Negligent Hiring, Training, Supervision, and Retention)**

32. PLAINTIFF WILLIAM incorporates by this reference all of the allegations of paragraphs 1 through 30, hereinabove, as though completely set forth herein.

33. DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT COMPANY and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, had

a duty to properly hire, train, and supervise all employees to ensure that The Premises was kept, maintained, secured, controlled, and remained in a reasonably safe condition.

34.   That at all times pertinent hereto, DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT COMPANY and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, breached its above-referenced duties by failing to properly hire, train and/or supervise Defendants, DOE PROPERTY MANAGER, DOE SECURITY EMPLOYEE and/or DOES I through X, in each of his/her duties and actions as property managers, maintenance worker, security guard/employee, and/or employees for DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT COMPANY and/or ROE SECURITY COMPANY and/or DOE and/or ROE CORPORATIONS and each of the Defendants.

35.   In addition, as the employer of Defendants DOE PROPERTY MANAGER, and/or DOES I through X is/are vicariously liable for all damage caused by DOE PROPERTY MANAGER, and/or DOES I through X, as Defendants, DOE PROPERTY MANAGER, and/or DOES I through X was/were acting within the course and scope of each of his/her employment with DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT COMPANY and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, at the time of the events described herein.

36.   That DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT

COMPANY and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, owes a non-delegable duty to use reasonable care in the proper training, hiring, and supervision and retention of its employees.

37. That DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT COMPANY and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, knew or should have known of the dangerous and possibly deadly consequences of its employees failing to follow and enforce proper security procedures for the safety and security of The Premises and the residents and guests of the same.

38. That DEFENDANT HOME DEPOT and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER and/or DEFENDANT ROE PROPERTY MANAGEMENT COMPANY and/or ROE MAINTENANCE COMPANY and/or ROE SECURITY COMPANY and/or ROE CORPORATIONS, and each of the Defendants, had the non-delegable duty to properly train, to adequately supervise and to command its employees, to keep the Premises safe and secured and to prevent danger and harm to the residents and guests of The Premises

39. As a direct and proximate result of the aforesaid recklessness, negligence and carelessness of the above-referenced Defendants, and each of them, PLAINTIFF WILLIAM suffered physical and mental injury and was otherwise caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to his damage in an amount in excess of $15,000.00.

40. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of the Defendants, PLAINTIFF WILLIAM has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional

monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court may be requested to include said additional damages when the same have been fully determined.

41.  The conduct of Defendants, and each of the Defendants, as herein alleged, was willful, intentional, oppressive, malicious, and done in a wanton and reckless disregard of PLAINTIFF's rights and thereby warrant the imposition of punitive damages in excess of $15,000.00.

42.  Prior to the injuries complained of herein, PLAINTIFF WILLIAM, was an able bodied individual, capable of engaging in all activities for which she was otherwise suited.  By reason of the condition of the premises described herein, and as a direct and proximate result of the negligence of the said Defendants, and each of them, PLAINTIFF WILLIAM was caused to be disabled and was limited and restricted in PLAINTIFF WILLIAM's occupations and activities, which caused PLAINTIFF WILLIAM loss of wages in a presently unascertainable amount, the allegations of which Plaintiff may pray leave of Court to insert herein when the same shall be fully determined.

43.  PLAINTIFF WILLIAM has been required to retain BIGHORN LAW to prosecute this action, and is entitled to recover a reasonable attorney's fee, his litigation costs, and prejudgment interest.

## **PRAYER FOR RELIEF**:

WHEREFORE, Plaintiff WILLIAM PASIECZNIK prays for judgment against the Defendants, and each of the Defendants, as follows:

1. General and compensatory damages for in an amount in excess of $15,000.00;

2.  Special damages for said Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3.  Special damages for lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of said Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount;

4. For punitive damages in excess of $15,000.00;

5. Costs of this suit;

6. Attorney's fees; and

7.  For such other and further relief as to the Court may seem just and proper in the premises.

**DATED** this 24th  day of July, 2020.

**BIGHORN LAW**

By:  /s/ Siria L. Gutierrez
**SIRIA L. GUTIERREZ, ESQ.**
Nevada Bar No.: 1981
716 S. Jones Blvd.
Las Vegas, Nevada 89107
*Attorneys for Plaintiff*

# EXHIBIT B

Electronically Filed
10/27/2020 4:35 PM
Steven D. Grierson
CLERK OF THE COURT

ANS /
LYNN V. RIVERA, ESQ.
NEVADA BAR NO. 6797
**BURNHAM BROWN**
A Professional Law Corporation
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
---
Telephone:      (775) 398-3065
Facsimile:      (877) 648-5288
Email:          lrivera@burnhambrown.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

EIGHTH JUDICIAL DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| WILLIAM J. PASIECZNIK, | Case No. A-20-818573-C |
| Plaintiff, | Dept. No. 9 |
| v. | **DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| HOME DEPOT U.S.A., INC.; a foreign Corporation authorized to conduct business in Nevada; DOE PROPERTY OWNER; ROE PROPERTY OWNER; DOE PROPERTY MANAGER; ROE PROPERTY MANAGEMENT COMPANY; DOE SECURITY EMPLOYEE; ROE SECURITY COMPANY; DOES I through X; and ROE CORPORATIONS, XI through XX, inclusive, jointly and severally, | |
| Defendants. | |

Defendant HOME DEPOT U.S.A., INC. ("Defendant"), by and through its counsel of Record, Lynn Rivera, of Burnham Brown, a Professional Law Corporation, in answer to Plaintiff WILLIAM J. PASIECZNIK'S ("Plaintiff") Complaint on file herein, hereby admits, denies, and alleges as follows:

1.     Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 1 of Plaintiff's Complaint.

2.     Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint.

1

3.      Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits in part and denies in part the allegations contained in Paragraph 5 of Plaintiff's Complaint.  Defendant admits that it operates the Home Depot store located at 1030 W. Sunset Road, Henderson, NV 89104.  Defendant is without sufficient knowledge to form a belief as to the truth or the falsity of the remainder of the allegations in Paragraph 5 of Plaintiff's Complaint, and on this basis, denies the same.

6.      Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 7 of Plaintiff's Complaint.

8.      Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits in part and denies in part the allegations contained in Paragraph 9 of Plaintiff's Complaint.  Defendant admits that it operates the Home Depot Store and employs Asset Protection employees for purpose of security. Defendant is without sufficient knowledge to form a belief as to the truth or the falsity of the remainder of the allegations in Paragraph 9 of Plaintiff's Complaint, and on this basis, denies the same.

10.      Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## **FIRST CAUSE OF ACTION**

### **(Negligence as to All Defendants)**

11.      Defendant incorporates by reference its responses to Plaintiff's allegations in paragraphs 1 through 10 of Plaintiff's Complaint as if fully set forth herein.

12.      Defendant admits in part and denies in part the allegations contained in Paragraph 12 of Plaintiff's Complaint.  Defendant admits that it operates the Home Depot store located at

1030 W. Sunset Road, Henderson, NV 89104.  Defendant is without sufficient knowledge to form a belief as to the truth or the falsity of the remainder of the allegations in Paragraph 12 of Plaintiff's Complaint, and on this basis, denies the same.

13.     Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant admits that allegation in Paragraph 22 of Plaintiff's Complaint.

23.     The allegations in Paragraph 23 involve a question of law and, therefore, no response is required.  To the extent that a response is required, Defendant admits that it has a duty to exercise reasonable care with regard to safety and security of the Subject Premises as further defined by Nevada law.

24.     Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

///

///

///

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT     A-20-818573-C

## SECOND CAUSE OF ACTION

### (Respondent Superior, Negligent Hiring, Training, Supervision and Retention)

32.     Defendant incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1 through 31 of Plaintiff's Complaint as if fully set forth herein.

33.     The allegations in Paragraph 33 involve a question of law and, therefore, no response is required.  To the extent that a response is required, Defendant admits it has a duty to exercise reasonable care with regarding to hiring, training, and supervising its employees and maintain the Premises in a reasonably safe condition as further defined by Nevada law.

34.     Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     The allegations in Paragraph 38 involve a question of law and, therefore, no response is required.  To the extent that a response is required, Defendant admits it has a duty to exercise reasonable care with regarding to hiring, training, supervising, and retaining its employees and also has a duty to maintain its Stores in a reasonably safe condition as further defined by Nevada law.

39.     Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

///

///

///

///

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The negligence of Plaintiff caused or contributed to any injuries or damages that Plaintiff may have sustained; and the negligence of Plaintiff in comparison with the alleged negligence of this Defendant, if any, requires that the damages of Plaintiff be denied or be diminished in proportion to the amount of negligence attributable to Plaintiff.

THIRD AFFIRMATIVE DEFENSE

That the injuries sustained by the Plaintiff, if any, were caused by acts of unknown third persons who were not agents, servants or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and, as such, this Defendant is not liable in any manner to the Plaintiff.

FOURTH AFFIRMATIVE DEFENSE

The Plaintiff had knowledge of and was fully aware of the risk, and assumed any risk incident thereto by a voluntary use thereof. The injuries alleged by Plaintiff were caused by and arose out of such risk.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that any damages or injuries suffered by Plaintiff were proximately caused by the intervening and superseding actions of other parties, not Defendant, and that those intervening and superseding actions bar Plaintiff's recovery against Defendant.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from alleging the matters set forth in the Complaint.

///

///

EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that it has performed and discharged any and all obligations and legal duties arising out of the matters set forth in the Complaint.

NINTH AFFIRMATIVE DEFENSE

Defendant's employee was not acting in the course and scope of the employment at the time of the incident alleged in Plaintiff's complaint.

TENTH AFFIRMATIVE DEFENSE

Defendant alleges that an award of exemplary damages in this action would violate its rights under the due process clause of the Fourteenth Amendment to the United States Constitution in that a state is prohibited from imposing grossly excessive punishment on tortfeasors. To that extent, the degree of the reprehensibility of Defendant's conduct, if any, must be considered when determining if the punishment is excessive. The imposition of damages may not be grossly out of proportion to the severity of the offense, if any offense is established. The ratio between the compensatory damages and the amount of the exemplary damages may also be a factor in assessing the excessiveness of an award. In addition, the difference between the exemplary damages award and the civil penalties authorized or imposed in comparable cases may be considered.

ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the fact that one or more Defendant is a corporation, rather than an individual, does not diminish the corporate Defendant's entitlement under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to fair notice of demands that a State imposes on conduct of its business.

TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that the Nevada's punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violative of the Equal Protection Clause, violative of the Due Process Clause, an undue burden on interstate commerce, a violation of the Contract Clause, and violative of the Eighth Amendment proscription of excess fines.

///

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint herein fails to state facts sufficient to support a claim for punitive damages.

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiffs' Complaint and, therefore, this answering Defendant reserves the right to amend this first amended answer to allege additional affirmative defenses, if subsequent investigation so warrants.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by reason of his complaint on file herein;

2.    For reasonable attorney fees;

3.    For costs of suit incurred herein; and

4.    For such other and further relief as the Court deems just and proper.

### **AFFIRMATION**

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the preceding pleading **does not contain the social security number of any person**.

DATED: October 27, 2020                           BURNHAM BROWN


By  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     LYNN V. RIVERA, ESQ.
     N'EVADA BAR NO. 6797
     200 S. Virginia Street, 8th Floor
     Reno, Nevada 89501
     Attorneys for Defendant
     HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

*William J. Pasiecznik v. Home Depot U.S.A., Inc., et al.*
Eighth Judicial District Court, County of Clark Case No. A-20-818573-C

Pursuant to NRCP 5(b), I certify that I am an employee of Burnham Brown, and that on this date, I caused the foregoing:

### DEFENDANT HOME DEPOT'S ANSWER TO PLAINTIFF'S COMPLAINT

to be served on all parties to this action by:

☒ **E-FILE**:  By transmitting a true copy, by way of electronic filing upon each of the parties at the following e-mail address(es).

| | |
|---|---|
| Siria L. Gutierrez, Esq.<br>BIGHORN LAW<br>2225 E. Flamingo Road<br>Building 2, Suite 300<br>Las Vegas, NV 89119<br>Email:  siria@bighornlaw.com | Attorneys for Plaintiff<br>WILLIAM J. PASIECZNIK |

Dated:  October 27, 2020

*/s/ Peggy Ortega*
An employee of BURNHAM BROWN

4837-2747-8991, v. 1

8
DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT        A-20-818573-C

# EXHIBIT C

Electronically Filed
11/11/2020 4:13 PM
Steven D. Grierson
CLERK OF THE COURT

**REA**
**KIMBALL J. JONES, ESQ.**
Nevada Bar No. 12982
**SIRIA L. GUTIERREZ, ESQ.**
Nevada Bar No. 11981
**BIGHORN LAW**
2225 E. Flamingo Road
Building 2, Suite 300
Las Vegas, Nevada 89119
Phone: (702) 333-1111
Email: Kimball@bighornlaw.com
          Siria@BighornLaw.com
*Attorneys for Plaintiffs*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

WILLIAM J. PASIECZNIK;

                     Plaintiff,

v.

HOME DEPOT U.S.A., INC. a Foreign
Corporation authorized to conduct business in
Nevada; DOE PROPERTY OWNER; ROE
PROPERTY OWNER; DOE PROPERTY
MANAGER; ROE PROPERTY
MANAGEMENT COMPANY; DOE
SECURITY EMPLOYEE; ROE SECURITY
COMPANY; DOES I through X; and ROE
CORPORATIONS, XI through XX, inclusive,
jointly and severally,

                     Defendants.

CASE NO: A-20-818573-C

DEPT. NO: XXII

**REQUEST FOR EXEMPTION FROM**

**ARBITRATION**

       COMES NOW, Plaintiff, WILLIAM J. PASIECZNIK, by and through counsel, hereby requests the above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

   1.  _____ presents a significant issue of public policy;

   2.  ___X___ a case that has a probable jury award value in excess of $50,000.00 per plaintiff, exclusive of interest and costs, and regardless of comparative liability;

   3.  _____ presents unusual circumstances which constitute good cause for removal from the program.

A summary of the facts that supports Plaintiff's contention for exemption is as follows:

This action arises out of an incident which occurred on  July 25, 2018, at The Home Depot located at 1030 W. Sunset Road, Henderson, Nevada 89014.  Plaintiff, WILLIAM J. PASIECZNIK, was walking out from The Home Depot when an asset protection associate on duty, felt emboldened enough to attack and physically injure Plaintiff in the name of allegedly protecting product. As a direct result of the negligent hiring, training, and supervision by The Home Depot to maintain and instruct their asset protection employees to protect merchandise over customer safety, Plaintiff has been caused to suffer painful and potentially permanent injuries, for which Plaintiff had to receive medical care for, including but not limited to, treatment for traumatic brain injury.

Plaintiff's, **WILLIAM J. PASIECZNIK'S,** total special damages including to date are **$223,787.50 + pending**, calculated as follows:

| | |
|---|---|
| Silver State Neurology | $105.00 |
| Radiology Specialists Ltd | $1,993.00 |
| Sunrise Hospital Medical Center | $Pending |
| Las Vegas Fire & Rescue | $Pending |
| Mountain View Hospital | $Pending |
| Dixie Regional Medical Center | $95,212.65 |
| Dixie Medical Center Physician | $1,576.48 |
| St. George Radiology/IHC Prof Radiology Services | $831.90 |
| Heart of Dixie Cardiology-Revere Health | $2,719.00 |
| St. Jude Medical | $Pending |
| Summerlin Hospital Medical Center | $Pending |
| Shadow Emergency Physicians, PLLC | $16,206.00 |
| Desert Radiology | $76.14 |
| Southern Hills Hospital | $Pending |
| Spine Surgery | $27,322.00 |
| GS Chopra, LTD | $9,215.00 |
| University Medical Center of Southern Nevada | $148.80 |
| Nevada Cardiology Associates | $4,589.52 |
| P3 Health LLC/Bacchus Wakefield Kahan PC | $490.00 |
| Neurology Center of Las Vegas | $2,791.00 |
| Valley Hospital Medical Center | $54,634.00 |
| Steinberg Diagnostic Medical Imaging | $1,807.00 |
| Ear, Nose & Throat Consultants | $4,070.01 |
| Total: | $223,787.50 |

The total amount of Plaintiff's medical bills is not final, and Plaintiff's counsel is still obtaining the final records and billing with regard to Plaintiff's medical treatment. As is evidenced by the serious injuries diagnosed by Plaintiffs' healthcare providers, together with the significant medical expenses incurred and future medical expenses for Plaintiff WILLIAM J. PASIECZNIK, Plaintiffs' case has a probable jury award value in excess of $50,000. Accordingly, and pursuant to NAR 3, this matter is appropriately exempted from the Court Annexed Arbitration Program. Copies of all of Plaintiff's medical records and bills will be provided upon request.

I hereby certify pursuant to N.R.C.P 11, this case to be within the exemption marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

**DATED** this 11th day of November, 2020.

**BIGHORN LAW**

*/s/ Siria L. Gutierrez, Esq.*
**KIMBALL J. JONES, ESQ.**
Nevada Bar No. 12982
**SIRIA L. GUTIERREZ, ESQ.**
Nevada Bar No. 11981
2225 E. Flamingo Road
Building 2, Suite 300
Las Vegas, Nevada 89119
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to NRCP 5, I hereby certify that I am an employee of BIGHORN LAW and on the 11th day of November 2020, I served an electronic copy of the **REQUEST FOR EXEMPTION FROM ARBITRATION** as follows:

☒ Electronic Service – By serving a copy thereof through the Court's electronic service system

☐ U.S. Mail—By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

☐ Facsimile—By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below and in the confirmation sheet filed herewith.  Consent to service under NRCP 5(b)(2)(D) shall be assumed unless an objection to service by facsimile transmission is made in writing and sent to the sender via facsimile within 24 hours of receipt of this Certificate of Service; and/or

**BURNHAM BROWN**
**LYNN V. RIVERA, ESQ.**
Nevada Bar. No. 6797
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
**E-Service**
*Attorneys for Defendants*

_____/s/ Tracy Espinosa_____
An employee/agent of **BIGHORN LAW**

## **CERTIFICATE OF SERVICE**

*William J. Pasiecznik v. Home Depot U.S.A., Inc., et al.*

United States District Court, Nevada, Case No.

Pursuant to NRCP 5(b), I certify that I am an employee of Burnham Brown, and that on this date, I caused the foregoing:

**DECLARATION OF LYNN RIVERA IN SUPPORT OF DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL**

to be served on all parties to this action by:

☒ **BY E-FILING** (USDC, District Court, District of Nevada): I caused such document(s) to be sent electronically to the court; electronic filing constitutes service upon the parties who have consented to electronic service.

| Siria L. Gutierrez, Esq.<br>BIGHORN LAW<br>2225 E. Flamingo Road<br>Building 2, Suite 300<br>Las Vegas, NV 89119<br>Email: siria@bighornlaw.com | Attorneys for Plaintiff<br>WILLIAM J. PASIECZNIK |
|---|---|

DATED:  December 4, 2020

*/s/ Peggy Ortega*
An employee of BURNHAM BROWN

4818-5780-1170, v. 1

---

4

DECL. OF LYNN RIVERA IN SUPPORT OF DEFENDANT
HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND
DEMAND FOR A JURY TRIAL

Case No

LYNN V. RIVERA, ESQ.
NEVADA BAR NO. 6797
**BURNHAM BROWN**
A Professional Law Corporation
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
---
Telephone:      (775) 398-3065
Facsimile:      (877) 648-5288
Email:          lrivera@burnhambrown.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM J. PASIECZNIK, | Case No. |
| Plaintiff, | |
| v. | **DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS** |
| HOME DEPOT U.S.A., INC.; a foreign Corporation authorized to conduct business in Nevada; DOE PROPERTY OWNER; ROE PROPERTY OWNER; DOE PROPERTY MANAGER; ROE PROPERTY MANAGEMENT COMPANY; DOE SECURITY EMPLOYEE; ROE SECURITY COMPANY; DOES I through X; and ROE CORPORATIONS, XI through XX, inclusive, jointly and severally, | |
| Defendants. | |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC. ("Defendant") hereby provides notice of the pending court action in the Eighth Judicial District Court of Clark County, State of Nevada, <u>William J. Pasiecznik v. Home Depot U.S.A., Inc.</u>, Case No. A-20-818573-C.

///

1

1    Plaintiff's Complaint was filed on July 24, 2020.

2    Counsel for Plaintiff Siria L. Gutierrez, Esq., Bighorn Law, 2225 E. Flamingo Road,

3    Building 2, Suite 300, Las Vegas, NV 89119; Tel. Tel. (702) 333-1111

4    Counsel for Defendant Home Depot, U.S.A., Inc., Lynn V. Rivera, Burnham Brown,

5    PLC, 200 S. Virginia Street, 8th Floor, Reno, Nevada, 89501.  Telephone: (775) 398-3065.

6    Defendant Home Depot, U.S.A., Inc. believes this entire action should be removed to the

7    United States District Court for the District of Nevada pursuant to the reasons set forth in the

8    accompanying Petition for Removal.

9    DATED: December 3, 2020                    BURNHAM BROWN

10

11                                        By _/s/ Lynn V. Rivera_____
                                             LYNN V. RIVERA, ESQ.
12                                           NEVADA BAR NO. 6797
                                             200 S. Virginia Street, 8th Floor
13                                           Reno, Nevada 89501
                                             Attorneys for Defendant
14                                           HOME DEPOT U.S.A., INC.

15   4835-7189-6530, v. 1

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF HOME DEPOT U.S.A., INC.'S NOTICE OF PENDENCY OF OTHER          Case No.
ACTIONS OR PROCEEDINGS

**CERTIFICATE OF SERVICE**

*William J. Pasiecznik v. Home Depot U.S.A., Inc., et al.*

United States District Court, Nevada, Case No.

Pursuant to NRCP 5(b), I certify that I am an employee of Burnham Brown, and that on this date, I caused the foregoing:

**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS**

to be served on all parties to this action by:

☒    **BY E-FILING** (USDC, District Court, District of Nevada): I caused such document(s) to be sent electronically to the court; electronic filing constitutes service upon the parties who have consented to electronic service.

| | |
|---|---|
| Siria L. Gutierrez, Esq.<br>BIGHORN LAW<br>2225 E. Flamingo Road<br>Building 2, Suite 300<br>Las Vegas, NV 89119<br>Tel. 702-333-1111<br>Email:  siria@bighornlaw.com | Attorneys for Plaintiff<br>WILLIAM J. PASIECZNIK |

DATED:  December 4, 2020

*/s/ Peggy Ortega*
An employee of BURNHAM BROWN

4835-7189-6530, v. 1

DEF HOME DEPOT U.S.A., INC.'S NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS    Case No.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| | |
|---|---|
| **I. (a)  PLAINTIFFS**<br><br>WILLIAM J. PASIECZNIK, | **DEFENDANTS** HOME DEPOT U.S.A., INC., et al. |
| **(b)**  County of Residence of First Listed Plaintiff    Clark<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Fulton<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*<br>Sirin L. Gutierrez, Esq., BIGHORN LAW<br>2225 E. Flamingo Road, Bldg. 2, Suite 300<br>Las Vegas, NV 89119 | Attorneys *(If Known)*<br>Lynn V. Rivera, Burnham Brown, 200 S. Virginia St., 8th Flr., Reno,<br>NV 89501; Tel: 775.398.3065 |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☐ 2   U.S. Government
      Defendant

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☒ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☒ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | ☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
  Proceeding

☒ 2   Removed from
  State Court

☐ 3   Remanded from
  Appellate Court

☐ 4   Reinstated or
  Reopened

☐ 5   Transferred from
  Another District
  *(specify)*

☐ 6   Multidistrict
  Litigation -
  Transfer

☐ 8   Multidistrict
  Litigation -
  Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332 and 1446(b)
Brief description of cause:
Negligence Action

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

| | |
|---|---|
| DATE<br>12/04/2020 | SIGNATURE OF ATTORNEY OF RECORD<br>/s/ Lynn V. Rivera |

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## CERTIFICATE OF SERVICE

*William J. Pasiecznik v. Home Depot U.S.A., Inc., et al.*

United States District Court, Nevada, Case No.

Pursuant to NRCP 5(b), I certify that I am an employee of Burnham Brown, and that on this date, I caused the foregoing:

## CIVIL CASE COVER SHEET

to be served on all parties to this action by:

☒ **BY E-FILING** (USDC, District Court, District of Nevada): I caused such document(s) to be sent electronically to the court; electronic filing constitutes service upon the parties who have consented to electronic service.

| | |
|---|---|
| Siria L. Gutierrez, Esq.<br>BIGHORN LAW<br>2225 E. Flamingo Road<br>Building 2, Suite 300<br>Las Vegas, NV 89119<br>Tel. 702-333-1111<br>Email:  siria@bighornlaw.com | Attorneys for Plaintiff<br>WILLIAM J. PASIECZNIK |

DATED:  December 4, 2020

*/s/ Peggy Ortega*
An employee of BURNHAM BROWN

4829-3508-2962, v. 1