# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| William J. Pasiecznik,<br><br>            Plaintiff,<br><br>  v.<br><br>Home Depot U.S.A., Inc.,<br><br>            Defendant. | Case No. 2:20-cv-02202-RFB-BNW<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff's motion to amend (ECF No. 10) and Plaintiff's motion to remand (ECF No. 11). These motions are identical but were properly filed twice, as they request two different forms of relief.[1] Defendant Home Depot U.S.A., Inc. (Home Depot) opposed both motions (ECF No. 14), and Plaintiff replied (ECF No. 15). For the reasons discussed below, the Court will recommend that both motions be denied.

**I.    Background**

    **A.    Procedural Posture**

Plaintiff initiated this action by filing a complaint in state court on July 24, 2020. ECF No. 1 at 10. Plaintiff alleged that on July 25, 2018, he was attacked at Home Depot by an asset protection associate. *Id.* at 13-14 (complaint). Plaintiff brought two causes of action (negligence and "Respondeat Superior, Negligent Hiring, Training, Supervision, and Retention") against Home Depot and several Doe defendants. *Id.* at 13-20.

Home Depot removed this case based on diversity jurisdiction on December 7, 2020.[2] ECF No. 1.

---

[1] For simplicity, the Court will only cite to ECF No. 10 throughout this order when referencing Plaintiff's opening brief.

[2] Plaintiff waited until December 2020 to remove this case because it was unable to determine that the amount in controversy exceeded $75,000 until November 2020 (when Plaintiff alleged over $200,000 in medical damages). *See* ECF No. 1 at 2.

### B. Plaintiff's Opening Brief[3]

On February 23, 2021, Plaintiff moved to amend his complaint and to remand. ECF No. 10. Plaintiff moves to amend his complaint to add two new defendants. *Id.* at 3. Specifically, Plaintiff seeks to add the asset protection associate that allegedly attacked him (Phil Dinh) and one of Home Depot's asset protection managers (James Sablan). *Id.*

Plaintiff alleges that after the case was removed, on February 9, 2021, Home Depot disclosed the identities of these two individuals. *See id.* Plaintiff further alleges that Dinh is an essential party because he attacked Plaintiff, and Sablan is an essential party because he either directed Dinh to act or failed to ensure Dinh would not harm customers. *Id.*

Plaintiff cites Federal Rule of Civil Procedure 15 as the governing standard for motions to amend. *Id.* at 4. However, Plaintiff also states that courts may allow diversity-destroying amendments. *Id.* at 11. Plaintiff argues that courts consider several factors when deciding whether to permit such amendments and briefly analyzes certain factors. *Id.* at 11-12. In all events, Plaintiff concludes that he should be permitted to amend his complaint to add Dinh and Sablan. *See* ECF No. 10.

Plaintiff further argues that once he amends his complaint, the Court no longer has diversity jurisdiction over this case. *See id.* at 3. This is so because Plaintiff, Dinh, and Sablan are all Nevada residents. *See id.* Accordingly, Plaintiff argues that remand is required.[4] *Id.*

---

[3] The Court notes that the parties made several arguments not discussed below. The Court reviewed these arguments and determined that they do not warrant discussion, as they do not affect the outcome of the motions before the Court.

[4] Plaintiff also argues that his claims against the new individual defendants relate back to the original complaint. *See id.* at 4-9. The Court will not address Plaintiff's relation-back arguments, as Home Depot does not contest that these claims relate back. *See* ECF No. 14.

### C. Home Depot's Opposition

Home Depot opposes Plaintiff's motions to amend and remand. ECF No. 14. Home Depot argues that the Court has complete discretion to deny Plaintiff's motion to amend. *See id.* at 6. Home Depot relies on 28 U.S.C. § 1447(e), which provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* Home Depot further suggests that Federal Rule of Civil Procedure 15 does not apply in removal cases where amendment would destroy diversity. *See id.* Rather, Home Depot argues that courts should focus on whether the new defendants are needed for just adjudication of plaintiff's claims and whether plaintiff will be prejudiced if amendment is denied. *Id.* at 7.

Home Depot argues that considering these factors, amendment in this case should be denied. *Id.* This is so because Plaintiff will not be prejudiced by Dinh or Sablan's absence. *Id.* Home Depot argues that there is no reason to name these individuals because Home Depot is vicariously liable for their allegedly negligent acts and has "ample resources" to pay Plaintiff any damages award he receives. *Id.* at 7, 8. Given these facts, Home Depot argues that it appears Plaintiff's sole motive in naming Dinh and Sablan is to destroy diversity. *Id.* at 8. Indeed, Plaintiff argues that Dinh and Sablan are both sham defendants. *Id.* at 3.

Home Depot argues that Dinh is a sham defendant because after he allegedly assaulted Plaintiff, Plaintiff was "medically cleared." *Id.* at 10. Accordingly, Home Depot concludes that "there is no reasonable possibility that Plaintiff can successfully allege a claim against Dinh . . . ." *Id.*

Home Depot also argues that Sablan is a sham defendant. *Id.* at 3. Mr. Sablan is an asset protection manager and manages the asset protection associates at 13 different Home Depots. *Id.* Sablan does not create Home Depot's shoplifting policies and procedures. *Id.* Sablan was not at the Home Depot store where Plaintiff's alleged assault occurred when it allegedly occurred. *Id.* Home Depot argues that Plaintiff only seeks to add Sablan because he is a manager but, as a matter of law, Sablan did not owe a duty of care to Plaintiff by virtue of his role as a manager. *See*

*id.* at 12-16. As such, Home Depot argues that Plaintiff cannot state a claim against Sablan. *See id.*

Home Depot also argues that Plaintiff's motion to amend is untimely. *Id.* at 3. Home Depot alleges that it disclosed Dinh and Sablan's identities to Plaintiff on November 16, 2020, three weeks before this case was removed. *Id.* at 3, 4; ECF No. 14, Ex. C (November 2020 disclosure). Further, Home Depot notes that Plaintiff knew Dinh and Sablan's identities for three months before moving to amend and remand. ECF No. 14 at 3. As such, Home Depot argues that Plaintiff's motion to amend is untimely and was filed only to destroy diversity jurisdiction. *See id.* at 6.

### D. Plaintiff's Reply

Plaintiff's reply addresses some of Home Depot's arguments and further addresses whether amendment should be permitted if it would destroy diversity jurisdiction. ECF No. 15.

Regarding Home Depot's timeliness argument, Plaintiff again asserts that Dinh and Sablan's identities were disclosed on February 9, 2021. *Id.* at 3. Plaintiff does not address Home Depot's argument and exhibit demonstrating that it disclosed Dinh and Sablan's identities before this case was removed and three months before Plaintiff moved to amend. *See* ECF No. 15. However, Plaintiff attaches Home Depot's November 16, 2020 state court disclosure, which discloses Dinh and Sablan. *See* ECF No. 15 at 13-16.

Regarding Home Depot's argument that Dinh and Sablan are sham defendants, Plaintiff disagrees. Plaintiff asserts that Dinh is an essential party because he was Plaintiff's assailant and this alone warrants amendment and remand. *Id.* at 3. Plaintiff also argues that Sablan is a proper party because he exercised control over the area where Plaintiff was injured. *Id.* at 4. Plaintiff does not cite any controlling authority for this proposition, but rather a Seventh Circuit case. *Id.* at 4-5.

Plaintiff also argues that courts have discretion under 28 U.S.C. § 1447(e) to permit or deny amendment when it would destroy diversity jurisdiction. *Id.* at 5. Plaintiff again explains that courts in the Ninth Circuit consider several factors in exercising this discretion. *Id.* Plaintiff then analyzes this case using factors from one district court case. *Id.* at 6-10. Ultimately, Plaintiff

again argues that he should be permitted to amend his complaint and that this case should be remanded.

## II.   Analysis

"There is a split in authorities, unresolved by the Ninth Circuit, on what standard governs the Court's decision whether to permit joinder of" defendants that would destroy diversity, Rule 15 or 28 U.S.C. § 1447(e). *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014); *see also Magana v. Archer Daniels Midland Co.*, No. 120CV00578NONESKO, 2021 WL 1375466, at *1 (E.D. Cal. Apr. 12, 2021) (acknowledging that the Ninth Circuit has yet to resolve what standard governs this situation); *Armstrong v. FCA US LLC*, No. 119CV01275DADSAB, 2020 WL 6559232, at *3, n.3 (E.D. Cal. Nov. 9, 2020) (recognizing split).

Under Rule 15, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

"The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995. These factors, however, are not equally weighted. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Specifically, "delay alone[,] no matter how lengthy[,] is an insufficient ground for denial of leave to amend." *Id.*; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend."). To deny a motion to amend based on delay, bad faith or prejudice must also exist. *Webb*, 655 F.2d at 980.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The Court believes that the proper analysis of a motion to amend that would add defendants and destroy subject matter jurisdiction is under 28 U.S.C. § 1447(e). While district courts in the Ninth Circuit have gone both ways, the Ninth Circuit's decision in *Newcombe*, 157 F.3d at 691 suggests that the proper analysis is under Section 1447(e). In *Newcombe*, after the case was removed, the plaintiff sought to add a defendant that would destroy diversity. *See id.* The district court denied the motion and the Ninth Circuit affirmed. *See id.* The Ninth Circuit cited Section 1447(e) (not Rule 15) and explained that

> [t]he district court considered the potential prejudice to Newcombe, balanced the equities, and determined that no injustice would occur. The district court, after stating that it was aware of its discretion under § 1447(e), concluded that Cassidy was not a crucial defendant in this case because Newcombe only sought (1) an injunction, which could only be enforced against the other defendants, and (2) money damages, which could be fully satisfied by the other defendants. In addition, the district court concluded that Newcombe would not suffer undue prejudice due to Cassidy's absence as a party because he could subpoena Cassidy to testify at trial, and if he so chose, he could still proceed separately against Cassidy in state court. We agree with these conclusions and therefore conclude that the district court did not abuse its discretion in denying Newcombe's motion to remand.

*Id.*

In two unpublished decisions issued since *Newcombe*, the Ninth Circuit has continued to apply Section 1447(e) in situations such as this (and not applied Rule 15). *See 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (applying Section 1447(e) and reasoning that "[b]ecause '[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder,' this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'") (citing *Newcombe*); *Kwasniewski v. Sanofi-Aventis U.S., LLC*,

637 F. App'x 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint . . . The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e).").

Based on these published and unpublished Ninth Circuit cases, this Court concludes that it must analyze the instant motion to amend under 28 U.S.C. § 1447(e).

The Court further concludes that, based on *Newcombe*, it should consider the prejudice to the Plaintiff, balance the equities, and determine whether injustice would occur. *See Newcombe*, 157 F.3d at 691; *3WL*, 851 F. App'x at 7 ("this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'") The Court acknowledges that district courts in the Ninth Circuit sometimes apply various factors in evaluating motions to amend under Section 1447(e); however, different courts apply different factors (or none at all). *See, e.g.*, *Sanchez by & through Gomez v. Target Corp., LLC*, No. 221CV00058KJDDJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021) (applying six factors); *O'Leary v. Smith's Food & Drug Centers, Inc.*, No., 2019 WL 1217296, at *1 (D. Nev. Feb. 25, 2019), *report and recommendation adopted,* No. 2:18-CV-2150-GMN-VCF, 2019 WL 1207931 (D. Nev. Mar. 14, 2019) (applying three factors); *Resendez v. Smith's Food & Drug Centers, Inc.*, No. 2:14-CV-00201-APG-NJK, 2015 WL 875300, at *1 (D. Nev. Mar. 2, 2015) (applying four factors); *Glaster v. Dollar Tree Stores, Inc.*, No. 215CV00252MMDVCF, 2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016) (noting that "some district courts in the Ninth Circuit have applied a multi-factor test to this analysis, assessing the motives behind seeking joinder, and whether joinder would affect subject matter jurisdiction. Many of those factors, however, appear to arise from Ninth Circuit case law that predates the 1988 enactment of § 1447(e) in its current form."). Accordingly, rather than choosing a set of factors to apply, the Court follows the Ninth Circuit in *Newcombe* and subsequent unpublished cases and will assess the prejudice to the Plaintiff, balance the equities, and determine whether injustice would occur.

First, the Court considers the prejudice to Plaintiff if amendment is denied and determines that Plaintiff will not be prejudiced. Dinh and Sablan are not crucial defendants. This is so because (1) Plaintiff only seeks money damages; (2) Home Depot admits that it will be

vicariously liable under the doctrine of respondeat superior for any alleged negligence of Dinh and Sablan; and (3) Home Depot has the resources to pay whatever damages award Plaintiff might receive. *See* ECF No. 10-2 at 13 (complaint requesting money damages only); ECF No. 14 at 7, 8 (Home Depot admits it will be vicariously liable for Dinh and Sablan's alleged negligence and states that it has over a million-dollar insurance policy); *Newcombe*, 157 F.3d at 691. Additionally, Plaintiff would not suffer undue prejudice from Dinh and Sablan's absence as parties because he could subpoena them to testify at trial. *See Newcombe*, 157 F.3d at 691. Finally, the Court notes that, unlike in *Newcombe*, Plaintiff could likely not sue Dinh and Sablan separately in state court, because the statute of limitations has run. *See* ECF No. 10 at 12. Still, the Court finds that this will not prejudice Plaintiff, because, as discussed above, Home Depot admits that it will be vicariously liable for any negligence of Dinh and Sablan and can satisfy any judgment Plaintiff is awarded. *See McJunkin v. Wal-Mart Stores, Inc.*, No. 2:10-CV-01101-RLH-PAL, 2011 WL 971062, at *2 (D. Nev. Mar. 16, 2011) (denying amendment and remand though statute of limitations had run against individual defendant sought to be joined, because "any prejudice that this may cause to [plaintiff] is not sufficient to convince the Court that joinder of [the proposed defendant] is necessary or proper.").

Second, the Court balances the equities of allowing amendment versus denying amendment. If the Court allowed amendment, Plaintiff may be able to sue Dinh and Sablan. This cuts slightly in favor of allowing amendment. However, as previously discussed, Plaintiff would not obtain any more complete relief from suing Dinh and Sablan. This cuts against allowing amendment.

Additionally, Plaintiff delayed somewhat in moving to amend and appears to have misrepresented when he learned Dinh and Sablan's identities. Specifically, Plaintiff knew Dinh and Sablan's identities for three weeks before this case was removed and for three months total before moving to amend. *See* ECF No. 14 at 3, 4; ECF No. 14, Ex. C at 3, 5 (November 2020 disclosure). This is not an extraordinary delay. However, it is troubling to the Court that Plaintiff appears to misrepresent when Home Depot disclosed Dinh and Sablan's identities. Plaintiff repeatedly states that he learned Dinh and Sablan's identities on February 9, 2021, after this case

was removed. ECF No. 10 at 3, 12. Yet Home Depot states that it disclosed Dinh and Sablan's identities on November 16, 2020 (before this case was removed) and attaches the disclosure to prove it. ECF No. 14 at 3, 4, Ex. C at 3, 5. In reply, Plaintiff does not address this disclosure, maintains that it learned of Dinh and Sablan's identities on February 9, 2021, and, oddly, attaches the November 16, 2020 disclosure (which has an "ELECTRONICALLY SERVED 11/16/2020" stamp on top). ECF No. 15 at 3, 7, Ex. 1. Accordingly, it appears that Plaintiff knew or should have known Dinh and Sablan's identities on November 16, 2020 and misrepresented when he learned their identities. This cuts strongly against allowing amendment and remand.

Further, Plaintiff suggests that he is seeking to add Dinh and Sablan, in part, to destroy diversity. ECF No. 15 at 8. Plaintiff states, "Plaintiff's intent is not *simply* to defeat diversity. Rather, Plaintiff is adamant" that the other defendants "played a crucial role in the action . . . ." *Id.* (emphasis added). This admission, coupled with Plaintiff's misrepresentation about when he learned Dinh and Sablan's identities, suggests Plaintiff seeks amendment mostly, if not solely, to destroy diversity. This also cuts against allowing amendment and remand.

Third, the Court determines that injustice would not occur if Plaintiff was not allowed to amend his complaint. As previously discussed, Dinh and Sablan are not crucial defendants in this case; Plaintiff can obtain complete relief from Home Depot. Accordingly, no injustice will occur if Plaintiff is not permitted to amend his complaint.

Considering all these factors, the Court, in its discretion under 28 U.S.C. § 1447(e), recommends that Plaintiff's motion to amend be denied. If Plaintiff's motion to amend is denied, diversity will not be destroyed and remand is neither necessary nor appropriate. Accordingly, the Court also recommends that Plaintiff's motion to remand be denied.

### III.     Conclusion and Recommendation

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 10) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to remand (ECF No. 11) be **DENIED.**

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 3, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE