**RESNICK & LOUIS, P.C.**
Lynn Rivera, Esq. SBN: 6797
lrivera@rlattorneys.com
8925 W. Russell Road, Suite 220
Las Vegas, NV 89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
*Attorneys for Defendant,*
*The Home Depot U.S.A, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM J. PASIECZNIK,<br><br>Plaintiff,<br>v.<br><br>HOME DEPOT U.S.A., INC.; a foreign Corporation authorized to conduct business in Nevada; DOE PROPERTY OWNER; ROE PROPERTY OWNER; DOHOME DEPOT U.S.A., INC.; a foreign Corporation authorized to conduct business in Nevada; DOE PROPERTY OWNER; ROE PROPERTY OWNER; DOE PROPERTY MANAGER; ROE PROPERTY MANAGEMENT COMPANY; DOE SECURITY EMPLOYEE; ROE SECURITY COMPANY; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive, jointly and severally,<br><br>Defendants. | CASE NO.: 2:20-CV-02202 RFB-BNW<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information.

1

Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

**Designation of Confidential Information.**

1. Designation of Material. Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2. Subsequent Designation. Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. Designation of Depositions. Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28)

days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4. **Modification of Designation.** The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

**Access to Confidential Information**

1. **General Access.** Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

(b) To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of Exhibit A.

(c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is

retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

2. No Copies/Notes. Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

3. Disputes over Access. If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

**Use of Confidential Information**

1. Use in this Litigation Only. Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

2. Use at Depositions. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

3. Use at Court Hearings and Trial. Subject to Nevada Rules of Civil Procedure and Nevada Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented

at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

4. Filing Under Seal. Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.

5. Reasonable Precautions. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

6. Return After Litigation. Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information. In lieu or returning the Confidential Information, Plaintiff may destroy the records upon completion of litigation, with written confirmation to Home Depot that the destruction took place.

**Other Provisions**

1. Not an Admission. Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

2. Miscellaneous. This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery

request or a Court order in this litigation.  This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

SO STIPULATED AND AGREED:

DATED:  December 3, , 2021       RESNICK & LOUIS, P.C.

/s/ Lynn Rivera
LYNN RIVERA, ESQ.
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

DATED:  Nov. 30 , 2021       BOWEN LAW OFFICES

Jerome JEREMY R. BOWEN, ESQ.
Attorneys for Plaintiff
WILLIAM J. PASIECZNIK

### Order

IT IS ORDERED that ECF No. 41 is DENIED without prejudice. The parties may refile a proposed stipulated protective order that is consistent with federal law (including but not limited to *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Additionally, all future filings must comply with LR IA 10-1(b).

**IT IS SO ORDERED**
**DATED:** 10:52 am, December 06, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 2021.

_____
Name

_____
Address

_____
Employer

_____
Job Title