1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

William J. Pasiecznik,

　　　　　　　Plaintiff,

　　v.

Home Depot USA, Inc.,

　　　　　　　Defendant.

Case No. 2:20-cv-02202-RFB-BNW

**ORDER re ECF Nos. 45 and 49**

11　　　　Presently before the Court is Plaintiff's motion to compel Defendant to respond to his

12　Interrogatories and Requests for Production of Documents and to produce a Rule 30(b)(6)

13　representative for deposition. ECF No. 45. He also requests sanctions. *Id*. Defendant opposed at

14　ECF No. 50, and Plaintiff replied at ECF No. 54.

15　　　　Also before the Court is Defendant's Motion for Protective Order at ECF No. 49. The

16　motion is identical to the opposition filed in response to Plaintiff's Motion to Compel. Plaintiff

17　responded at ECF No. 55, and Defendant replied at ECF No. 56.

18　　　　The Court held a hearing on both motions on February 1, 2022. ECF No. 60.

19　**I.　Analysis**

20　　　**A.　Plaintiff's Motion to Compel (ECF No. 45)**

21　　　　　**i.　Interrogatories**

22　　　　Plaintiff's prior counsel served Interrogatories, Set One[1] upon Defendant in April

23　2021. ECF No. 45 at 3, 7. Defendant responded in May 2021. ECF No. 45-2 at 24–34.

24　　　　Plaintiff argues that Defendant responded to these Interrogatories with only boilerplate

25　objections and provided no substantive responses or privilege log. ECF No. 45 at 3, 12–13.

26　Plaintiff further explains that he provided Defendant with at least two extensions, yet Defendant

27

28

---

[1] Set One included 22 Interrogatories. ECF No. 45-2.

1    refused to supplement. *Id*. at 4. He also notes that Defendant's incomplete and evasive responses

2    have "prejudice[ed him] from being able to prosecute his case." *Id*. at 6.

3         Defendant's argument is that Plaintiff's discovery requests are "incredibly overbroad" and

4    should be limited to discovery reasonably necessary to respond to its motion for summary

5    judgment. ECF No. 50 at 3, 6, 7. However, on November 18, 2021 (and before Plaintiff filed the

6    instant motion), defense counsel e-mailed Plaintiff's counsel, stating, "I talked to Home Depot

7    this morning and we are going to respond to the discovery as a gesture of good faith even though

8    your request we respond to another attorney's discovery was very untimely." ECF No. 49-1 at 24.

9    Yet, as Plaintiff explains and as evidenced by the record, Defendant has not supplemented its

10   initial responses to Plaintiff's Interrogatories. *See* ECF No. 45 at 4.

11        Defendant also focuses on when Plaintiff's counsel requested supplemental responses to

12   its written discovery requests, noting that it was "incredibly untimely given that he had

13   substituted in **over 4 months** earlier." ECF No. 50 at 5 (emphasis in original). *See id*. Finally, it

14   asserts that the disputes at the heart of Plaintiff's motion to compel "could have been resolved at

15   [an informal discovery conference] instead of requiring motion work . . . ." *Id* at 6. Despite these

16   statements (and lamenting the fact that Plaintiff even brought this suit against it),[2] Defendant does

17   not address or argue with any specificity why its objections to Plaintiff's Interrogatories were

18   justified.

19        Under Rule 33, a party may propound to another party up to 25 interrogatories

20   relating to "any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(1), (2).

21   "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in

22   writing under oath." Fed. R. Civ. P. 33(b)(3). "The answers to interrogatories must be responsive,

23   full, complete and unevasive." *Carbon v. Seattle Reprod. Med. Inc. PS*, No.

24   219CV01491RAJJRC, 2020 WL 4339253, at *2 (W.D. Wash. July 28, 2020) (citations omitted).

25        Additionally, the "grounds for objecting to an interrogatory must be stated with

26   specificity." Fed. R. Civ. P. 33(b)(4). And, when objecting, "[t]he responding party shall use

27

28   _____
     [2] The Court notes for defense counsel that *ad hominem* attacks against Plaintiff and his counsel (*see, e.g.,* ECF No. 50 at 2) are not helpful.

1  common sense and reason." *Marti v. Baires*, No. 1:08-CV-00653-AWI, 2012 WL 2029720, at *3

2  (E.D. Cal. June 5, 2012) (citation omitted). Importantly, "[a]ny ground not stated in a timely

3  objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P.

4  33(b)(4).

5        As an initial matter, Plaintiff's Interrogatories are, on their face, relevant to the parties'

6  claims or defenses. This is because the Interrogatories seek information related to Defendant's

7  asset protection policies and procedures as well as information surrounding the alleged assault of

8  Plaintiff by one of Defendant's asset protection associates. Thus, under Rule 26(b)(1), which

9  defines relevance broadly, these Interrogatories are clearly relevant to Plaintiff's negligence and

10  negligent hiring, training, supervision, and retention claims as well as Defendant's defenses,

11  which seem to rely upon the fact that Plaintiff's alleged shoplifting required its asset protection

12  associate to interact with Plaintiff in a particular manner.

13        Defendant responded to Interrogatory Nos. 1,[3] 8,[4] and 22[5] with complete and unevasive

14  answers. As a result, the Court will deny Plaintiff's motion to compel Defendant to answer

15  Interrogatories Nos. 1, 8, and 22.

16        However, Defendant's responses to Interrogatory Nos. 2–7 and 9–21 assert boilerplate

17  objections, many of which appear to be copied and pasted. *See* ECF No. 45-2. For example,

18  Defendant's objections to Interrogatory Nos. 3, 4, and 6 include the following fragment:

19  "Defendant objects to this interrogatory on the ground [sic]." *Id*. at 25–27. Additionally, some of

20  the boilerplate objections assert that Plaintiff sought information subject to the attorney-client

21  privilege or the work-product doctrine, yet Defendant did not produce (and still has not produced)

22  a privilege log or otherwise explain that objection. *See id.; see also Carmichael Lodge No. 2103,*

23  *Benevolent and Protective Order of Elks of the United States of America v. Leonard,* No. CIV S–

24

25  [3] Interrogatory No. 1 asks, "Please identify yourself fully, giving your full name, residence, office address, professional relationship with Defendant, and title." ECF No. 45-2 at 25.

26  [4] Interrogatory No. 8 asks, "Please give the names, addresses and telephone numbers of any expert witness(es) or other witness(es) Defendant plans to use at any time during this case, including, but not limited to, any trial,

27  mediation or arbitration thereof[,] testimony, names and telephone numbers of law firms (both sides) involved, and name of case. ECF No. 45-2 at 28.

28  [5] Interrogatory No. 22 asks, "Please set forth the factual reasons associated with each and every denial to Plaintiff's Requests for Admissions." ECF No. 45-2 at 34.

1  07–2665 LKK GGH, 2009 WL 1118896, at \*4 (E.D. Cal. Apr. 23, 2009) ("If the privilege is

2  worth preserving, it is worth being identified in a privilege log-and the Federal

3  Rules *require* such.") (emphasis in original).

4  Moreover, and as noted above, Defendant's Opposition to Plaintiff's Motion to Compel

5  makes no specific argument regarding the Interrogatories. *See* ECF No. 50. As a result, the Court

6  finds that Defendant has waived its objections by offering boilerplate language and by not

7  addressing or defending them in its opposition. *See Bingham v. Marriott Int'l, Inc.,* No.

8  821CV00836JLSJDEX, 2022 WL 886116, at \*3 (C.D. Cal. Feb. 17, 2022)

9  ("[O]bjections asserted in discovery responses but not raised in briefing on a discovery motion

10 are also waived."); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (finding a

11 blanket unsupported privilege objection ineffective); *SPH Am., LLC v. Rsch. in Motion, Ltd.,* No.

12 13CV2320 CAB (KSC), 2016 WL 6305414, at \*1 (S.D. Cal. Aug. 16, 2016) (citation omitted)

13 ("The party resisting discovery generally bears the burden of showing that the discovery

14 requested is irrelevant to the issues in the case or is overly broad, unduly burdensome,

15 unreasonable, or oppressive.").

16 That said, the Court finds that Interrogatory Nos. 6, 7, 10, 12, 15–17, and 19 are

17 overbroad. *See* Fed. R. Civ. Pro. 26(b)(1). In light of this finding and because the Court can

18 always narrow discovery, it will require that Plaintiff properly tailor Interrogatory Nos. 6, 10, 15,

19 and 19[6] to provide a reasonable temporal limitation before Defendant is required to respond. *See*

20 *United States ex rel. Aflatooni v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002)

21 (internal quotation marks omitted) ("District courts have wide latitude in controlling discovery.").

22 Plaintiff must also properly tailor Interrogatory Nos. 7,[7] 12,[8] 16,[9] and 17[10] in subject matter before

23 Defendant is required to respond. *See id.* If he so chooses, Plaintiff must serve Defendant with the

24 properly tailored Interrogatories Nos. 6, 7, 10, 12, 15–17, and 19 within one week of this Order

25

26
[6] Interrogatory No. 19 must be limited to the day of the alleged incident.

27 [7] Interrogatory No. 7 should be limited to asset protection incidents.
[8] Interrogatory No. 12 should be limited to materials related to asset protection policies and customer safety.

28 [9] Interrogatory No. 16 should be limited to Defendant's safety departments as they relate to asset protection policies.
[10] Interrogatory No. 17 should be limited to Defendant's safety program as it relates to asset protection policies.

1  and Defendant must respond (with full, complete, and unevasive responses) within 30 days of

2  receipt.

3      Moreover, the Court finds that Interrogatory No. 20 is premature as this is a matter best

4  left for the parties' proposed joint pretrial order. Accordingly, the Court will deny Plaintiff's

5  motion to compel Defendant to answer Interrogatory No. 20.

6      Finally, as previously noted, Defendant merely provides boilerplate assertions of "work

7  product" and "attorney-client privilege," which is insufficient. While it is unclear whether the

8  *Burlington* factors[11] apply to assertions of privilege or work-product protection in responses to

9  Interrogatories (and not only Requests for Production of Documents), the Court finds that the

10  balance of the *Burlington* factors also weighs in favor of finding that Defendant has waived the

11  assertion of these privileges or protections. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*

12  *for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Neither Defendant's objections to

13  Plaintiff's Interrogatories nor its opposition to the instant motion gives sufficient details regarding

14  the contents of the information requested such that Plaintiff or the Court can assess the claim

15  of privilege or protection; Defendant has provided no indication as to the magnitude of the

16  information it would be required to provide; and there is no cognizable reason why Defendant

17  could not provide more specific information supporting its claim of privilege or protection. *See*

18  *id.* And, notably, Defendant has yet to ever produce a privilege log. *See* ECF No. 45.

19

20

21

22  [11] The *Burlington* court rejected "a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30–day time limit." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.,* 408 F.3d 1142, 1149 (9th Cir. 2005). Rather, the court of appeals held that courts should analyze the following factors in

23  determining whether a privilege is waived if no log is timely produced:

24      the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars

25      typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the

26      withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to

27      discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

28  *Id.*

1    Accordingly, Defendant has 30 days from the date of this Order to serve its complete,

2    unevasive, and verified[12] responses to Plaintiff's Interrogatories, Set One consistent with this

3    Order.[13] The Court reminds Defendant that complying with discovery requests is not a

4    "voluntary" choice, as it seems to suggest in its opposition. ECF No. 50 at 6. Defendant is further

5    cautioned that failure to comply can result in additional sanctions. *See* Fed. R. Civ. P.

6    37(b)(2)(A)(i)–(vii).

### ii.    Requests for Production of Documents

8        The parties' positions with respect to the Requests for Production of Documents are

9    similar to those regarding the Interrogatories.

10       Plaintiff argues that Defendant initially failed to produce any responsive documents. ECF

11   No. 45 at 11. While Plaintiff acknowledges that Defendant supplemented its responses, it notes

12   that it did so only by providing documents received from third-party subpoenas. *Id*. at 12. In other

13   words, Plaintiff asserts that, despite its supplemental disclosure, Defendant has not produced any

14   documents that are within its "custody, or control or on its own accord or as a result of Plaintiff's

15   request for production of documents." *Id*.

16       Defendant counters that Plaintiff's discovery requests are "incredibly broad." ECF No. 50

17   at 3. But, nonetheless, it "has agreed to a reasonable scope of discovery so Plaintiff may respond

18   to Home Depot's Motion for Summary Judgment." *Id*. at 7. However, Defendant does not address

19   or argue with any specificity why its objections to Plaintiff's Requests for Production of

20   Documents were justified (or why it can limit discovery in the way it sees fit).

21       A party may serve on any other party a request for production that is within the scope

22   of Rule 26(b). Fed. R. Civ. P. 34(a). Responses to requests for production are due within 30 days

23   of the date of service. Fed. R. Civ. P. 34(b)(2)(A). "When responding to requests for production, a

24   party must produce all relevant documents within its 'possession, custody[,] or control.'" Carbon,

25

---

26   [12] The Court notes that Defendant's responses to Plaintiff's Interrogatories, Set One include a note that reads "verification to follow[.]"

27   [13] For clarification, Defendant must not respond to Interrogatory Nos. 1, 8, 20, and 22. But it must, within 30 days of this Order, provide full, complete, and unevasive responses to Interrogatory Nos. 2–5, 9, 11, 13, 14, 18, and 21. And if Plaintiff timely serves tailored Interrogatory Nos. 6, 7, 10, 12, 15–17, and 19, then Defendant must also provide

28   full, complete, and unevasive responses within 30 days of receipt.

1   2020 WL 4339253, at *2 (citation omitted). If an objection is made, the grounds and reasons for

2   the objection must be stated "with specificity." Fed. R. Civ. P. 34(b)(2)(B).

3           A party withholding information otherwise discoverable by claiming that the information

4   is privileged must expressly make the claim of privilege and must describe the nature of the

5   undisclosed discovery "in a manner that, without revealing information itself privileged or

6   protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

7   "[A] proper assertion of privilege must be more specific than a generalized, boilerplate

8   objection." *Burlington*, 408 F.3d at 1147. "[B]oilerplate objections or blanket refusals inserted

9   into a response to a Rule 34 request for production of documents are insufficient to assert a

10  privilege" and may result in a finding of waiver. *Id.* at 1149.

11          Here, Defendant raised several objections to Plaintiff's Request for Production of

12  Documents, Set One, including that the requests are overbroad, not relevant, subject to attorney-

13  client privilege, or contain confidential information. Not only do the objections read verbatim for

14  each of the 26 requests (making it apparent that Defendant simply copied and pasted the

15  objections for each response),[14] Defendant also failed to respond to any of Plaintiff's requests,

16  provide a privilege log to Plaintiff, or provide redacted documents to Plaintiff in response to

17  requests for documents that contain allegedly proprietary information. Accordingly, and for the

18  same reasons that its objections to Plaintiff's Interrogatories were overruled, the Court finds that

19  Defendant waived its objections, including those that assert a privilege. *See* Fed. R. Civ. P.

20  34(b)(2)(B), (C); *Burlington*, 408 F.3d at 1149–50 (finding that a privilege log provided five

21  months after the deadline for responding to the Requests for Production of Documents was an

22  insufficient privilege objection because the litigant was a "sophisticated corporate litigant," a

23  timely log would not have been burdensome, and the "untimely logs failed to correlate specified

24  documents with specified discovery requests").

25

26

27

28

---

[14] The copying and pasting becomes obvious as each response objects on grounds that the request seeks information protected by the "work-produce privilege [sic]." ECF No. 45-2. And Defendant's decision not to provide complete and individualized responses to Plaintiff's Requests becomes further apparent when seeing that the same objection is provided to a non-existent Request. *Id*. at 47 (Defendant responds with identical objections to Request No. 19 despite Plaintiff not having provided a Request No. 19).

1    That said, the Court finds that Request Nos. 3, 4, 5, 6, 11, and 12 are overbroad. *See* Fed.

2   R. Civ. Pro. 26(b)(1). As a result, it will require that Plaintiff properly tailor Request Nos. 3–6

3   and 11–12 in subject matter before Defendant is required to respond.[15] *See United States ex rel.*

4   *Aflatooni,* 314 F.3d at 1000 (internal quotation marks omitted) ("District courts have wide latitude

5   in controlling discovery."). If he so chooses, Plaintiff must serve Defendant with the properly

6   tailored Request Nos. 3–6 and 11–12 within one week of this Order and Defendant must respond

7   within 30 days of receipt. For all other Requests, Defendant has 30 days from the date of this

8   Order to serve its complete and individualized responses.

9                                 **iii.      30(b)(6) Deposition**

10    On September 21, 2021, Plaintiff noticed a 30(b)(6) deposition for November 4, 2021.

11   ECF No. 45-2 at 55. Defendant objected on September 27, 2021, noting that the deposition was

12   unilaterally set and a meet-and-confer was required. ECF No. 50 at 4. While Plaintiff moved

13   forward with the November 4 deposition, Defendant was under the impression that it was

14   cancelled because of its objection. *Id*. at 4–5.

15    Defendant subsequently agreed to make a 30(b)(6) witness available for December 10,

16   2021. ECF No. 45 at 4. However, a few days before the scheduled deposition, defense counsel e-

17   mailed Plaintiff's counsel, notifying him that neither she nor the deponent were available. *Id*.

18    Defendant now argues, in its opposition to Plaintiff's Motion to Compel and Motion for

19   Protective Order (which are identical), that it will not produce a 30(b)(6) witness until the noticed

20   topics are limited to three subjects: (1) facts of incident and non-attorney incident investigation,

21   (2) asset protection policies and procedures in effect at the subject store on the date of the

22   incident, and (3) the fact that there is no closed-circuit television of the incident. ECF Nos. 49 and

23   50 at 7. Defendant explains that its proposed topics are "narrowly tailored and completely

24   reasonable" because the "incident occurred outside the store, was fully investigated by law

25   enforcement, and did not involve a dangerous condition on the premises[.]" *Id*. Its position also is

26   that Plaintiff's noticed topics are "exceedingly overbroad and burdensome." *Id*. Defendant further

27   argues that "[i]nstead of providing a reasonably particular list of subjects, Plaintiff's counsel

28
---
[15] The identified Requests must be limited to injuries stemming from or related to asset protection interactions.

1    demands to appear at Home Depot's corporate headquarters in Atlanta and elicit testimony by a

2    witness on a nearly never-ending and inappropriate list of subject matters, which is not the

3    purpose of a 30(b)(6) deposition." *Id*. at 7.

4            Under Rule 30(b)(6), a party may serve notice on an organization that describes "with

5    reasonable particularity the matters on which examination is requested." The noticed organization

6    must then "designate one or more officers, directors, or managing agents, or other persons who

7    consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). "The persons so designated shall testify

8    as to the matters known or reasonably available to the organization." *Id.* "Once the witness

9    satisfies the minimum standard [for serving as a designated witness], the scope of the deposition

10   is determined solely by relevance [and proportionality] under Rule 26 . . . ." *Detoy v. City and*

11   *County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000) (citation omitted).

12           Here, Plaintiff noticed 10 topics for the 30(b)(6) deposition. The topics are relevant to the

13   parties' claims and defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

14   This case is about Plaintiff allegedly being assaulted by a Home Depot associate for allegedly

15   shoplifting at Home Depot. In line, the noticed topics involve learning about Home Depot's asset

16   protection policies and its investigation into Plaintiff as an alleged shoplifter as well as obtaining

17   any video footage and other evidence of the alleged assault. And, aside from Topics 2, 3, 4, 8, and

18   10, these topics are properly tailored in subject matter and time.

19           As a result, the Court will require that Defendant designate a 30(b)(6) deponent who must

20   sit for the deposition within 60 days of the date of this Order. This deponent must be able to

21   answer questions relating to Topics 1, 5–7, and 9. The deponent must also be able to answer

22   questions relating to Topics 2–4, 8, and 10 subject to the following limitations: Topics 2, 3, and 8

23   are limited to risk management and loss prevention policies and procedures; Topic 4 is limited to

24   the five-year period of July 2013 through July 2018; and Topic 10 is limited to asset-protection

25   incidents.

26                        **iv.     Plaintiff's Request for Sanctions**

27           "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to

28   impose a wide range of sanctions when a party fails to comply with the rules of discovery or with

1    court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir.

2    1983) (citation omitted).

3           Under Rule 37(a)(5)(A), if a motion to compel is granted, the Court "must" require the

4    party whose conduct necessitated the motion, or the attorney advising the conduct, or both to pay

5    the movant's reasonable expenses incurred in making the motion, including attorney's fees,

6    unless the opposing party's response or objection was substantially justified or other

7    circumstances make an award of expenses unjust. "The burden of establishing this substantial

8    justification or special circumstances rests on the party being sanctioned." *Infanzon v. Allstate*

9    *Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162,

10   1171 (9th Cir. 1994)). Additionally, where—as here—the motion to compel is granted in part and

11   denied in part, the Court may also "apportion the reasonable expenses for the motion." Fed. R.

12   Civ. P. 37(a)(5)(C). Ultimately, the imposition of Rule 37 sanctions is "left to the sound

13   discretion" of the Court. *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013)

14   (citing *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959), *cert denied*, 361 U.S.

15   816).

16          Here, Defendant fails to address Plaintiff's request for sanctions, simply arguing that it is

17   being "victimized" by Plaintiff's discovery requests. ECF No. 50 at 14. As a result, it has failed to

18   establish that its objections were substantially justified or that other circumstances make an award

19   of expenses unjust. Accordingly, the Court will grant Plaintiff's motion for sanctions and require

20   Defendant to pay Plaintiff all reasonable expenses that Plaintiff incurred in preparing the motion

21   to compel. See Fed. R. Civ. P. 37(a)(5)(C). Although the Court found some discovery requests

22   needed to narrowly tailored, apportioning fees based on how many Interrogatories or Requests for

23   Production were found to be overbroad would only condone (and possibly enable) Defendant's

24   unreasonable and uncooperative discovery conduct.

25          The Court, however, will not award fees and costs associated with Defendant's non-

26   appearance at the November 30(b)(6) deposition. Although Defendant should have moved for a

27   protective order, Plaintiff was on notice, based on Defendant's objection to the unilateral

28   scheduling of the deposition, that no one would appear on that day. *See Tristate Roofing Inc. v.*

1   *ProRoofing NW Inc.,* No. 220CV01516RAJBAT, 2022 WL 1304513, at \*2 (W.D. Wash. May 2,

2   2022) (finding sanctions unwarranted where the deposing party was advised before the deposition

3   that the deponent would be unavailable).

4          Within one week from the date of this Order, the parties must meet and confer regarding

5   the costs and attorney's fees Defendant must pay Plaintiff. If the parties cannot agree, Plaintiff

6   may file a motion for attorney's fees incurred in bringing the motion to compel for which the

7   Court will issue a separate order setting forth the amount of sanctions awarded to Plaintiff.

8          **B.  Defendant's Motion for a Protective Order (ECF No. 49)**

9          A party or any person from whom discovery is sought may move for a protective order

10   and the court may, for good cause, issue an order to protect a party or person from annoyance,

11   embarrassment, oppression, or undue burden or expense, including forbidding inquiry into certain

12   matters, limiting the scope of disclosure or discovery to certain matters, and requiring that

13   confidential information not be revealed or be revealed only in a specified manner. Fed. R. Civ. P.

14   26(c)(1). To establish good cause for issuance of a protective order, the party seeking protection

15   bears the burden of showing that specific prejudice or harm will result if no protective order is

16   granted. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992)

17   (holding that broad allegations of harm, unsubstantiated by specific examples or articulated

18   reasoning, do not satisfy the Rule 26(c) test); *see also San Jose Mercury News, Inc. v. United*

19   *States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that to gain a protective order

20   the party must make a particularized showing of good cause with respect to any individual

21   document).

22          Here, although Defendant provides a string of legal authority, it speaks only in general

23   terms about why a protective order is required in this case. It (generally) asserts that the 10

24   noticed topics are "exceedingly overbroad and burdensome" and, absent a protective order, the

25   proposed 30(b)(6) deposition would "elicit testimony by a witness on a nearly never-ending and

26   inappropriate list of subject matters, which is not the purpose of a 30(b)(6) deposition." ECF No.

27   49. at 7, 8. Because Defendant fails to make a particularized showing that specific prejudice or

28   harm will result absent a protective order and, therefore, fails to present good cause for issuance

of a protective order, the Court denies Defendant's motion. The Court finds that the noticed topics

for the proposed 30(b)(6) deposition are relevant and, as previously explained, Topics 2–4, 8, and

10, can be narrowly tailored to avoid any concerns that such topics are overbroad or burdensome.

**II.      Conclusion and Order**

        **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (at ECF No. 45) is

GRANTED in part and DENIED in part consistent with this Order.

        **IT IS FURTHER ORDERED** that, within one week from the date of this Order, the

parties must meet and confer regarding the costs and attorney's fees Plaintiff incurred in bring his

Motion to Compel.

        **IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order (at ECF No.

49) is DENIED.


        DATED: May 24, 2022.

                                        _____
                                        BRENDA WEKSLER
                                        UNITED STATES MAGISTRATE JUDGE