# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM J. PASIECZNIK, | Case No. 2:20-cv-02202-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER ON**<br>**MOTION TO SEAL ECF NO. 90** |
| HOME DEPOT U.S.A. INC, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Seal. ECF No. 90. Specifically, Plaintiff seeks to seal Exhibit 5 filed in conjunction with his Motion for Spoliation currently filed at ECF No. 88. Defendant joined the request and also seeks to seal its response filed at ECF No. 93.[1] ECF No. 92.

**I. Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

---

[1] It is not clear what it is Defendant seeks to seal beyond agreeing to seal Exhibit 5 to Plaintiff's Motion for Spoliation.

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

### A. There is no good cause to seal Exhibit 5 to Plaintiff's Motion for Spoliation

Given the exhibit in question is attached to a matter that is not dispositive or more than tangentially related to the merits of the case, the Court applies the good cause standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

Plaintiff has not shown good cause to seal the exhibit in question, as they merely cite to the protective order between the parties. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause). Neither has Defendant, as it does not explain why Exhibit 5 should be sealed or what harm will result from not sealing. Although less demanding

than the "compelling reasons" standard, "good cause" nevertheless requires a "particularized showing that specific prejudice or harm will result" if the information is disclosed. *See Phillips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," do not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Of note, Plaintiff's Motion for Spoliation, and all exhibits, are currently in the public record. So is Defendant's opposition to that motion (although the body of the opposition is missing). Given the discrepancy between what the parties seeks and their request, the Court will seal the Motion for Spoliation (and all exhibits) and well as the response for 30 days until the parties take further action as specified below.

Here, the Court finds the parties have not demonstrated good cause to seal Exhibit 5 to Plaintiff's Motion for Spoliation. As a result, Defendants' motion at ECF No. 90 is DENIED.

**II. CONCLUSION**

**IT IS THERERFORE ORDERED** that Defendants' Motion to Seal at ECF No. 90 is **DENIED**.

**IT IS FURTHER ORDERED** ECF No. 88 and 93 will be sealed for a period of 30 days and this Court directs the Clerk of Court to seal ECF No. 88 and 93.

**IT IS FURTHER ORDERED** that each party has 30 days to file the appropriate motion to seal and specifically designate what they wish to have sealed and or redacted.

**IT IS FURTHER ORDERED that** Defendant is directed to file a complete version of its Opposition to Plaintiff's Motion for Spoliation (ECF No. 88) within 7 days from today. The response, currently at ECF No. 93 does not contain the body of the opposition. Should Defendant wish to file the response under seal, it must file the appropriate motion with it. *See* Local Rule IA 10-5.

DATED: July 20, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE