UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

William J. Pasiecznik,

        Plaintiff,

    v.

Home Depot,

        Defendant.

Case No. 2:20-cv-02202-RFB-BNW

**Order re ECF No. 69**

Before the Court is Defendant Home Depot's Motion to Strike.[1] ECF No. 69. Plaintiff opposed at ECF No. 75, and Defendant replied at ECF No. 81. The Court held a hearing on Defendant's motion on February 14, 2023. ECF No. 84. At the Court's request, the parties filed supplemental briefing at ECF Nos. 85 and 86.

For the reasons discussed below, the Court declines to impose the extreme exclusion sanctions under Fed. R. Civ. P. 37(c)(1).[2] The Court will reopen discovery to cure any prejudice that Defendant may have suffered as a result of Plaintiff's deficient non-retained expert disclosures. *See Holen v. Jozic*, No. C17-1147JLR, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018). ("District courts are given 'particularly wide latitude' in determining whether to issue sanctions, including the exclusion of evidence, under Rule 37(c)(1).") (quoting *Bess v. Cate*, 422 F. App'x 569, 571 (9th Cir. 2011)).

//

//

---

[1] Defendant filed a Notice of Errata at ECF No. 78.

[2] Rule 37(c)(1) provides courts with the discretion to exclude improper Rule 26 disclosures that are not "substantially justified" or "harmless." But it also allows courts to impose additional or **alternate** sanctions:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard, (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Rule 37(c)(1).

## I.      Parties' Arguments

Defendant seeks to exclude the testimony of 47 medical providers who Plaintiff disclosed as non-retained experts. ECF No. ECF No. 69 at 4. These non-retained experts "appear to be treating providers[.]" *Id*. at 8.

According to Defendant, Plaintiff's expert disclosures are deficient under Fed. R. Civ. P. 26(a)(2)(B) and (C) because they include the same, boilerplate description for each of the 47 providers. *Id*. It further submits that it has been prejudiced by Plaintiff's deficient disclosures because it is "left to guess which of the providers and facilities disclosed by Plaintiff are likely to be called as witnesses at trial by Plaintiff, what opinions each of them would testify to, and which opinions they could properly testify to as treating experts for whom no expert reports were provided." *Id*. at 15.

Plaintiff counters that Defendant's motion should be denied for several reasons. First, he argues that Defendant failed to properly meet and confer as required under LR 16-3. ECF No. 75 at 3–4. Second, he argues that his initial and supplemental expert disclosures are compliant with Fed. R. Civ. P. 26(a)(2) because they "indicate the facts at issue and opinions of the treaters" and put Defendant "on notice of the contents of the trial testimony of each treater." *Id*. at 15. Finally, he argues that even if the Court were to find that the disclosures were deficient, this deficiency is harmless because Plaintiff provided Defendant with each provider's medical records, Defendant was on notice of these alleged deficiencies as late as October 2021 (and well within the discovery period), Defendant chose to wait until the discovery period ended to file this motion seeking case-ending sanctions, Defendant did not depose any of the medical providers, the medical providers would be subject to cross-examination at trial, and there is no evidence that Plaintiff's noncompliance was willful or in bad faith. *Id*. at 15–16.

In its reply, Defendant asserts that it did telephonically meet and confer with Plaintiff regarding the adequacy of Plaintiff's initial disclosures. ECF No. 81 at 2. It also repeats its prior arguments.

//

2

1    **II.    Legal Standard**

2    Federal Rule of Civil Procedure 26(a)(2) "requires parties to disclose the identity of any

3    expert witness." Fed. R. Civ. Proc. 26(a)(2); *Goodman v. Staples The Office Superstore, LLC*, 644

4    F.3d 817, 824 (9th Cir. 2011). The Federal Rules contemplate two classes of experts: those retained

5    or specifically employed to give expert testimony in a case, and those who are not retained or

6    specially employed but, nevertheless, may provide expert testimony. The disclosure of retained

7    experts is governed by Rule 26(a)(2)(B), which requires that the disclosure include a detailed,

8    written expert report. Non-retained experts are governed by Rule 26(a)(2)(C), which does not

9    require a detailed report. Instead, the party offering a non-retained expert's testimony must only

10   provide summary disclosures, including (1) the subject matter on which the witness is expected to

11   present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts

12   and opinions to which the witness is expected to testify. Fed. R. Civ. Proc. 26(a)(2)(c). To the

13   extent that a treating physician's opinions are formed during the course of treatment, and the

14   physician is to testify as an expert, as opposed to a fact witness, the physician must be disclosed

15   pursuant to Rule 26(a)(2)(C). *Goodman*, 644 F.3d at 826.

16   Federal Rule of Civil Procedure 37(c) provides that if a party fails to provide information

17   required by Rule 26(a), then "the party is not allowed to use that information or witness to supply

18   evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

19   harmless." *See also Goodman*, 644 F.3d at 826 (citing Fed. R. Civ. P. 37(c)(1)) ("When a party

20   fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to

21   supply evidence at trial unless it establishes that the failure was substantially justified or is

22   harmless."). Rule 37(c)(1) "gives teeth" to the requirements of Rule 26. *Yeti by Molly,* 16 *Ltd. v.*

23   *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Generally, an exclusion sanction is

24   "self-executing" and "automatic." Advisory Committee Notes to 1993 Amendments. Nonetheless,

25   courts are entrusted with "particularly wide latitude" in exercising this discretion to impose

26   sanctions under Rule 37(c)(1). *Yeti by Molly*, 259 F.3d at 1106.

27

28

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In exercising that discretion, courts determine initially whether the failure to comply with the disclosure requirements was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of establishing that substantial justification or harmlessness exists. *Yeti by Molly*, 259 F.3d at 1107. Courts consider several factors to determine whether substantial justification and harmlessness exist: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

"Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless." *Jackson*, 278 F.R.D. at 594. Courts have identified various factors to determine whether to impose exclusion sanctions, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See id.* (citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)). Additionally, when an exclusion sanction under Rule 37(c)(1) is tantamount to dismissal of a claim, courts must also consider whether the disclosing party's non-compliance involved willfulness, fault, or bad faith. *R & R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

**III.   Analysis**

 **A.  The parties were not required to meet and confer.**

As an initial matter, the Court addresses Plaintiff's argument that Defendant's motion is a motion *in limine,* Defendant did not confer with him prior to bringing this motion and, as a result, its motion should be denied. ECF No. 75 at 3–4.

"Rule 37 does not require the moving party to meet and confer with the opposing party prior to filing a motion for sanctions under Rule 37(b) or (c)." *Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-00369, 2010 WL 5248111, at *3 (D. Nev. Dec. 16, 2010). Because Defendant filed this

1   motion seeking sanctions under Rule 37(c)(1), it was not required to meet and confer with Plaintiff

2   prior to filing the motion.

3       **B.  Plaintiff's expert disclosures did not comport with Fed. R. Civ. P. 26(a)(2)(C).**

4       The parties do not dispute that Plaintiff did not retain any experts. Rather, at issue is

5   whether the 47 medical providers who Plaintiff identified as non-retained experts were disclosed

6   in a manner that comports with Fed. R. Civ. P. 26(a)(2)(C).

7       A treating physician who is expected to testify regarding opinions "formed during the

8   course of treatment" does not need to submit a detailed expert report. *Goodman*, 644 F.3d at 826

9   (9th Cir. 2011) (holding that Rule 26(a)(2)(B)'s written report requirement applies to experts who

10  "review information provided by [a case] attorney that they hadn't reviewed during the course of

11  treatment" and offer "additional opinions" based on that litigation-driven review). Nonetheless,

12  disclosures of non-retained, treating physicians must include "(i) the subject matter on which the

13  witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii)

14  a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P.

15  26(a)(2)(C).

16      Determining whether Plaintiff's disclosures comport with Rule 26(a)(2)(C) requirements

17  is a close call. This is because the Court is cognizant of the fact that Rule 26(a)(2)(C) disclosures

18  are "designed to be 'considerably less extensive' than those required under Rule 26(a)(2)(B) and

19  courts 'must take care against requiring undue detail.'" *Flonnes v. Prop. & Cas. Ins. Co. of*

20  *Hartford*, No. 2:12-CV-01065-APG, 2013 WL 2285224, at *2 (D. Nev. May 22, 2013) (citing

21  Adv. Comm. Notes to 2010 Amendments). But the Court also recognizes the need for Rule

22  26(a)(2)(C) to allow the opposing party to identify next steps, including whether it requires any

23  rebuttal experts. *Burreson v. BASF Corp.,* No. 2:13-cv-0066 TLN AC, 2014 WL 4195588, at *5,

24  2014 U.S. Dist. LEXIS 117590 (E.D. Cal. Aug. 22, 2014).

25      Contrary to Defendant's position, the Court finds that Plaintiff's disclosures are not

26  "identical" and "boilerplate" even though the template or framework used for each disclosure is.

27  It also finds that Plaintiff has not simply provided general or conclusory language but rather

28

1   identified conditions for which he was treated, exams and tests that he underwent, the treating
2   provider's diagnoses, the period of treatment, and the incurred charges. *See* ECF No. 69-1. Thus,
3   the Court finds that Plaintiff sufficiently provided "the subject matter on which the witness is
4   expected to present evidence . . . ." Fed. R. Civ. P. 26(a)(2)(C). However, and contrary to Plaintiff's
5   position, the Court ultimately finds these disclosures inadequate because Plaintiff failed to include
6   "a summary of the facts and opinions to which the witness is expected to testify." *See Christensen*
7   *v. Goodman Distribution, Inc.,* No. 2:18-CV-2776-MCE-KJN, 2021 WL 71799, at *2 (E.D. Cal.
8   Jan. 8, 2021) (citations omitted) ("Rule 26(a)(2)(C) requires 'considerably less' in the way of
9   disclosure than the "reports" required for retained experts under Rule 26(a)(2)(B), but 'the
10  disclosure must contain sufficient information to allow opposing counsel to make an informed
11  decision on which, if any, of the treating providers should be deposed, determine whether to retain
12  experts, and conduct a meaningful deposition or cross examination of the witness at trial.'"). *Cf.*
13  *Witman v. Knight Transp., Inc.,* 2016 U.S. Dist. LEXIS 187914, *7–8 (finding that a plaintiff's
14  disclosures for her unretained treating physicians sufficient where the defendant had access to the
15  plaintiff's medical records and the disclosures noted that the treating provider may give testimony
16  regarding the plaintiff's medical condition, the cause of her post-accident injuries, and any other
17  subjects or opinions referenced in the medical records).

18              **C.  The deficient disclosures in this case are harmless.**

19          While the Court admonishes Plaintiff for not providing sufficient summaries of the treating
20  providers' facts and opinions to which they are expected to testify, it finds, in its discretion, that
21  Plaintiff has met his burden to establish that any deficiencies are harmless in this instance.[3] *See*
22  *Lanard Toys Ltd.*, 375 F. App'x at 713 (explaining that the following factors should be considered
23  when deciding whether a deficient disclosure is harmless: (1) prejudice or surprise to the party
24  against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the
25  likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely
26  disclosing the evidence).

27  ───────────────
28  [3] Plaintiff does not argue nor does the Court find that Plaintiff's deficient non-retained expert disclosures were substantially justified.

6

First, Plaintiff's expert disclosures were provided and, according to Defendant, continued to be supplemented five times during the discovery period and before the August 2, 2022 initial-expert disclosure deadline. ECF No. 69 at 5, ECF No. 69-1 at 84. Thus, Defendant was on notice of the deficiencies as early as March 17, 2021, and as late as July 19, 2022. ECF No. 69-1 at 2–84, ECF No. 75 at 21–84. However, it waited and chose not to file the motion to strike until January 3, 2023, about a month after discovery closed. ECF No. 69. In this same vein, Defendant had Plaintiff's medical records and notice of the unretained experts and, therefore, an opportunity to depose them or obtain other discovery during the discovery period. Thus, the deficiencies at issue are not a surprise.

Second, the deficient disclosures could prejudice Defendant in terms of which medical experts to retain. However, there is time to cure this prejudice.

Third, and unlike in *Yeti by Molly*, 259 F.3d at 1105, where the disclosures occurred only 28 days before trial, no trial date has been set in this case. And although Defendant filed a dispositive motion (at the same time it filed this motion to strike), the Court has not yet ruled on it.[4]

Finally, the Court does not find that Plaintiff acted with bad faith or willfulness.

In sum, an analysis of the relevant factors favors a finding of harmlessness in this case. To address any prejudice Defendant may have suffered, the Court will reopen discovery to allow Plaintiff to provide an amended Rule 26(a)(2)(C) disclosure summarizing the opinions of five[5] non-retained experts and the facts that support those opinions.[6] *See Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (finding the plaintiffs' deficient expert disclosures neither substantially justified nor harmless yet affording the plaintiffs "the opportunity to provide an amended Rule 26(a)(2)(C) disclosure summarizing the opinions of three non-retained

---

[4] Defendant's motion for summary judgment and Plaintiff's opposition rely, in part, on arguments regarding whether Plaintiff's non-retained expert disclosures are deficient. *See, e.g.,* ECF No. 68 at 14, ECF No. 82 at 11.

[5] At the hearing, Plaintiff's counsel agreed to narrow the number of non-retained expert witnesses. ECF No. 84 at 25:16–26:59.

[6] To preempt any potential issues with prior initial and rebuttal expert disclosures, the Court will reopen expert discovery for all parties.

experts and the facts that support those opinions").[7] Defendant will then have an opportunity to conduct, if it chooses to, depositions of these non-retained experts and, if necessary, retain a new expert witness.

### D.  Even if Plaintiff's deficient disclosures were not substantially justified or harmless, exclusion sanctions would be unwarranted.

Finally, even if the Court were to find that Plaintiff's deficient disclosures prejudiced Defendant and such prejudice could not be cured, the Court does not find that the five *Wendt* factors weigh in favor of imposing Rule 37(c)(1) exclusion sanctions, particularly considering the public policy favoring disposition of cases on their merits and the availability of less drastic sanctions. *See Nat'l R.R. Passenger Corp.*, 2016 WL 1573262, at *2; *see also Silvagni v. Wal-Mart Stores, Inc.,* 320 F.R.D. 237, 243 (D. Nev. 2017) ("Lesser sanctions and other measures are generally more appropriate than evidence preclusion when the disclosure is provided during the discovery period and the delay can be remedied during the existing discovery period or with a limited and brief extension of discovery.") (citations omitted). The Court further notes that excluding Plaintiff's non-retained experts would be tantamount to a dismissal sanction, yet there is no evidence that Plaintiff's noncompliance with Fed. R. Civ. P. 26(a)(2)(C) involved willfulness, fault, or bad faith. *See R & R Sails, Inc.*, 673 F.3d at 1247 (holding that when an exclusion sanction under Rule 37(c)(1) is tantamount to dismissal of a claim, courts must also consider whether the disclosing party's non-compliance involved willfulness, fault, or bad faith).

Additionally, allowing Plaintiff to amend his non-retained expert disclosures will not significantly delay resolution of this action given that no trial date has been set. Nor would allowing this amendment interfere with the Court's management of this case moving forward. As noted above, Plaintiff's fifth initial expert disclosures, although deficient, were served before the initial expert disclosure deadline and the discovery cut-off date.

//

//

---

[7] Defendant cites to *Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517 (N.D. Cal. 2012) to argue that Plaintiff's disclosures do not comport with Fed. R. Civ. P. 26(a)(2)(C). ECF No. 69 at 10.

**IV.    Conclusion**

  **IT IS THEREFORE ORDERED** that Defendant Home Depot's Motion to Strike (ECF No. 69) is GRANTED in part and DENIED in part consistent with this opinion. The Court excludes 42 of the 47 non-retained experts identified by Plaintiff.

  **IT IS FURTHER ORDERED** that the parties are to meet and confer and file a joint amended Discovery Plan and Scheduling Order by September 8, 2023. The proposed DPSO should provide new deadlines for the initial and rebuttal expert disclosures, any dispositive motions, and the joint pretrial order.


  DATED: August 31, 2023.

               _____

               BRENDA WEKSLER
               UNITED STATES MAGISTRATE JUDGE