UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM J. PASIECZNIK, | Case No. 2:20-cv-02202-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| HOME DEPOT U.S.A., INC., | |
| Defendant. | |

Before the Court is Defendant Home Depot U.S.A., Inc. ("Home Depot")'s motion for summary judgment. For the following reasons, the Court grants the motion.

## I. PROCEDURAL HISTORY

Plaintiff William J. Pasiecznik initiated this action by filing a Complaint in the Eighth Judicial District Court in Clark County, Nevada. ECF No. 1. On December 7, 2020, Defendant removed the action to this Court. Id. Plaintiff filed a motion to remand on February 23, 2021. ECF No. 11. The Court denied the motion on September 19. ECF No. 30.

On November 16, 2021, Defendant filed a motion for summary judgment. ECF No. 37. Defendant withdrew the motion on December 8. ECF No. 44. Defendant filed another motion for summary judgment on January 3, 2023. ECF No. 68. On January 5, 2024, the Court denied the motion but allowed refiling upon the close of discovery. ECF No. 114.

On July 30, 2024, Defendant filed the instant motion for summary judgment. ECF No. 141. The motion was fully briefed by September 13, 2024. ECF Nos. 144, 148.

## II. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.

### A. Undisputed Facts

This case arises out of a physical altercation occurring between Plaintiff and a Home Depot

asset protection associate, Phil Dinh, on July 15, 2018. Plaintiff claims to have been "assaulted and battered" in the parking lot of a Home Depot in Las Vegas, Nevada.

### B. Disputed Facts

The parties' dispute whether Dinh's actions caused any of Plaintiff's injuries.

## III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## IV. DISCUSSION

### A. Negligence

Plaintiff asserts that as a result of Defendants negligence and negligent hiring practices, Plaintiff sustained serious injuries including a broken ankle, broken left wrist, broken elbow, broken hip, shoulder injuries, spinal injuries, and dislodged pacemaker. Defendant contends that Plaintiff has fabricated these injuries and has failed to prove the causation element of his negligence claims.

To prevail on claims for negligence a plaintiff must show (1) the defendant owed a legal duty; (2) defendant breached that duty; (3) the breach as the actual and proximate cause of plaintiff's injuries; and (4) that plaintiff suffered damages. DeBoer v. Senior Bridges of Sparks

Family Hosp., Inc., 282 P.3d 727, 732 (Nev. 2012). The Nevada Supreme Court has held that injuries arising from a subjective injury, including the subjective injury of back pain, require a retained medical expert testimony to prove causation. Krause, Inc. v. Little, 34 P.3d 566, 572 (Nev. 2001). The Ninth Circuit has held that for purposes of ruling on a motion for summary judgement, a district court may properly view the facts in the light depicted by photographs on the record to the extent that the images blatantly contradict testimonial evidence. Hughes v. Rodriguez, 31 F.4th 1211, 1218 (9th Cir. 2022).

In Plaintiff's deposition testimony, he testified that as a result of the altercation he had bruises and wounds "from the top of [his] head to the bottom of [his] left toe." Furthermore, Plaintiff testified that, there was blood pouring from his nose and mouth, there were abrasions bleeding on his forehead, that both of his eyes had been blacked, and that his tooth had been knocked out. Defendant provided photographic evidence of Plaintiff at the scene of the altercation, and Plaintiff's mugshots taken immediately after the altercation. There are no visible injuries to Plaintiff in the photographs. In each of the photographs, including the one taken at the scene of the altercation, Plaintiff is not bleeding and has no lacerations or bruises on his face.

Furthermore, the paramedic that assessed Plaintiff's medical condition at the scene of the altercation provided deposition testimony stating that if Plaintiff had showed signs of an emergent injury, or had been bleeding, it would have been noted in the EMS medical report and Plaintiff would have been taken to the emergency room before being taken to jail. This testimony is supported by the deposition testimony of the responding officer who also testified that he did not observe any blood on Plaintiff or in the police car that transported Plaintiff to the jail. Additionally, the Jail Infirmary Records note that when Plaintiff arrived at the jail, he was physically examined by a registered nurse who recorded that Plaintiff had "no trauma to the head, face, or neck." The only injury noted by medical professionals who assessed Plaintiff at the scene of the altercation and immediately after was a lower leg abrasion.

In addition to the objective photographic evidence that contradicts the injuries Plaintiff alleges, the Henderson Police Department's Declaration of Arrest notes a call between Plaintiff and his wife in which they discussed the incident. The declaration provides that on a recorded jail

phone call, Plaintiff's wife is heard coaching Plaintiff as to what he should say to officers about the altercation. Plaintiff's wife was recorded instructing Plaintiff to act like he is "retarded" and to do his "schmuck brain injury act."

The Court finds that Plaintiff's allegations of injury are blatantly contradicted by the objective photographs taken at the scene of the altercation and immediately thereafter. Additionally, the record of Plaintiff's communication with his wife indicates that Plaintiff was discussing fabricating an injury that was not in fact sustained during the altercation. The objective photographic evidence and the evidence of Plaintiff's recorded discussion regarding fabricating an injury indicates that there was no injury to Plaintiff. Hughes, 31 F.4th 1211. Thus, there is no genuine dispute of material fact regarding Plaintiff's injuries and Plaintiff's negligence and negligent hiring claims fail.

### B. Spoilation of Evidence

Plaintiff argues that Defendants CCTV footage inside and outside of the store captured the relevant incident and was not preserved. Defendant counters asserting that there was no CCTV footage of the incident because it occurred in an area where there were no cameras. Additionally, Defendant asserts that Plaintiff was previously admonished by Magistrate Judge Weksler for making a spoilation argument unsupported by evidence. Furthermore, Defendant contends that Judge Weksler instructed Plaintiff to file a spoilation motion if he has evidence to support his claim.

The Ninth Circuit has held that Defendants engage in spoilation of documents as a matter of law only if they had "some notice that the documents were potentially relevant" to the litigation before they were destroyed. United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001. A party does not engage in spoilation when, without notice of the evidence's potential relevance, it destroys the evidence according to its policy or in the normal course of business. United States v. $40,955.00 in U.S. Currency, 554 F.3d 752, 758 (9th Cir. 2009). See United States v. Kitsap Physicians Serv., 314 F.3d at 1001–02.

Here, Defendants were not aware that Plaintiff intended to file a lawsuit until nine months after the incident occurred. Furthermore, Plaintiff did not file a store incident report, thus there

was never an investigation conducted that would have initiated preservation of any footage of Plaintiff inside the store on the day of the incident. By the time Defendants were made aware that there was pending litigation where the footage could be relevant, the 90-day storage cycle had elapsed, and the footage was deleted. Additionally, Defendants provide deposition testimony where witnesses testify that the incident occurred in an area outside of the CCTV camera view. The Court finds that there was no spoliation of evidence.

V.  **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendant's [141] Motion for Summary Judgement is **GRANTED**.

The Clerk of Court is instructed to close this case and enter judgment accordingly.

**DATED:** March 31, 2025.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE